## GUESS *et al.* v. REED *et al.*

No. 6254.   Opinion Filed October 12, 1915.

(152 Pac. 399.)

1.   **APPEAL AND ERROR—Presentation for Review—Motions, Rulings and Exceptions.**  Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in a bill of exceptions or case-made.

2.   **SAME—Petition in Error—Time for Filing.**  The Supreme Court cannot consider the question whether a district court erred in sustaining a demurrer to an amended petition, when the petition in error is filed in the appellate court more than six months after the ruling of the trial court was made.

3.   **PLEADING—Sustaining of Demurrer—Waiver of Error.**  When a demurrer is sustained to a pleading, and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer.

(Syllabus by the Court.)

*Error from District Court, Choctaw County;*
*Summers Hardy, Judge.*

Action by Amelia Guess and others against Ed L. Reed and others.   Judgment for defendants, and plaintiffs bring error.   Dismissed.

*S. A. Downs,* for plaintiffs in error.

*Stewart & McDonald,* for defendants in error.

KANE, C. J.   This proceeding in error is prosecuted by filing in the Supreme Court a petition in error with a transcript of the record attached thereto.   The assignments of error contained in the petition in error are as follows:

(1) Said court erred in sustaining the motion of the defendants in error filed herein on the 8th day of July, 1913, to require the plaintiffs in error to make their petition more definite and certain; (2) said court erred in sustaining the demurrer of the defendants in error filed herein on the 25th day of August, 1913, to the second amended petition of these plaintiffs in error; (3) said court erred in sustaining the motion of the defendants in error filed herein on the 4th day of October, 1913, moving said court to dismiss this cause for the reasons in said motion stated.

The defendants in error move the court to dismiss the appeal: (1) For the reason that the first and third assignments of error cannot be reviewed upon a transcript of the record. (2) The second assignment of error cannot be reviewed:. (a) For the reason that more than six months elapsed between the making of said order complained of and the filing of petition in error in the Supreme Court; (b) the second assignment of error is waived by the plaintiffs in error by taking leave to amend their amended petition after the demurrer thereto was sustained.

There are many cases in this jurisdiction to the effect that:

"Motions presented in the trial court, the rulings thereon, and exceptions thereto, are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in a bill of exceptions or case-made."

The latest of such cases is *Montgomery v. Cameron Co., post,* 152 Pac. 398. Other cases are: *Green et al. v. Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *St. L. & S. F. R. Co. v. McCollum,* 23 Okla. 899, 101 Pac. 1120; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *McCarthy v. Bentley,*

16 Okla. 19, 83 Pac. 713; *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478; *Grand Lodge v. Furman,* 6 Okla. 649, 52 Pac. 932; *McMechem v. Christy,* 3 Okla. 301, 41 Pac. 382.

The first subdivision of the second contention is supported by *Buxton v. Alton-Dawson Mer. Co.,* 18 Okla. 287, 90 Pac. 19; *Continental Gin Co. v. Huff,* 25 Okla. 798, 108 Pac. 369; *Rhome Milling Co. v. Farmers' & Merchants' Nat. Bank,* 40 Okla. 131, 136 Pac. 1095.

The second subdivision is supported by the cases of *Berry v. Barton,* 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513; *Board of Co. Com'rs Garfield Co. v. Beauchamp,* 18 Okla. 1, 88 Pac. 1124.

For the reason stated, the motion to dismiss must be sustained.

All the Justices concur.