## CAMPBELL *et al.* v. THORNBURGH *et al.*

No. 6622.   Opinion Filed January 11. 1916.

Rehearing Denied February 1, 1916.

(154 Pac. 574.)

Opinion Dismissing Appeal Filed April 18, 1916.

(156 Pac. 1152.)

1.   **PLEADING—Ruling on Demurrer—Objection—Waiver.** Where a demurrer to a pleading is sustained, and the party whose pleading is attacked elects to amend, the error, if any, in the ruling on the demurrer is waived and cannot be assigned as error.

2.   **APPEAL AND ERROR—Motion to Dismiss—Issue of Fact—Disposition of Cause.** Where, in such case, a direct issue of fact is raised on a motion to dismiss, the plaintiff in error alleging that he never intended to take time to plead and that the journal entry giving such time was entered in his absence and without his con-

Campbell et al. v. Thornburgh et al.

sent, and the defendant in error denying these statements, the case will be remanded to the trial judge to find the fact, where the record gives no solution of the true conditions.

(Syllabus by Devereux, C.)

*Error from County Court, Okmulgee County;*
*Mark L. Bozart, Judge.*

Action by W. W. Campbell and others against Wright Thornburgh and others. Judgment for defendants, and plaintiffs bring error. Remanded with directions, and later dismissed.

A motion to dismiss this appeal was filed on the ground that after a demurrer to the petition was sustained the defendant took time to plead over. The record shows two orders. The first, made on the 14th day of May, 1914, recites:

"This cause coming on to be heard on this 14th day of May, 1914, on a demurrer of the defendants to the petition of the plaintiff heretofore filed, and after hearing argument of counsel, both for and against said demurrer, and being fully advised in the premises, the court finds that the first, second, fifth, sixth and seventh grounds of the demurrer should be sustained, and that the third and fourth grounds of the demurrer should be overruled. It is, therefore, ordered, adjudged and decreed that the first, second, fifth, sixth and seventh grounds of the demurrer are hereby sustained, and the third and fourth grounds of the demurrer be and the same are hereby overruled, to which action of the court the plaintiff excepts. It is further ordered, adjudged, and decreed that the plaintiffs be and they are hereby given twenty days in which to file an amended petition. Exceptions allowed."

On the 28th day of May, 1914, another order was entered as follows:

"This cause coming on for hearing on this 28th day day of May, 1914, being a regular term day of the April,

1904, term of this court, and plaintiff appearing and refusing to plead further, and electing to stand on their petition heretofore filed, to which the demurrer was heretofore sustained on the 14th day of May, 1914, it is ordered, considered, and adjudged that the petition be dismissed at plaintiff's costs, to which action of the court the plaintiff excepts, etc."

In the reply to the motion to dismiss it is stated that counsel for the plaintiffs had no notice of the filing of the first order and asked no further time to plead, but this statement is denied by the defendants in error. There is nothing in the record to show that the plaintiffs were not present. In fact, the first journal entry recites that the demurrer was argued on that date, and that exceptions were saved to the ruling of the court on that date, and then follows the order allowing the plaintiffs time to file an amended petition. The question now presented is on the motion to dismiss.

*Wm. M. Matthews*, for plaintiffs in error.

*Harlan Read* and *L. L. Cowley*, for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). In *Berry v. Barton*, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, it is specially held that, where a demurrer is sustained and time is given to amend the petition, error in sustaining the demurrer is waived. In the opinion it is said:

"In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. * * * plead over, and therefore they are in a position to urge But it is argued that in this case the defendants did not as error the sustaining of the demurrer. This position

cannot be sustained. It is true that nearly all of the cases state that, by pleading over after a demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. By taking leave to amend he thereby indicates his intention to abandon his former position and to draft his pleading upon a different theory, or to state his cause of action in different language. By taking leave to amend, he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it. Any other rule would permit delays under the guise of a desire to submit to the ruling of the court and amend, when in fact the party had no intention of amending. Courts everywhere insist upon such rules of practice and conduct of parties litigant as will promote justice and such as will not encourage or countenance deception. The attorney is supposed to know the law of his case equally as well as the court, and inasmuch as the statute, with the permission of the court, allows a party at his own election to amend or stand on his pleading, it is only fair that he should make his election and then be bound by it; and, if he elect to amend, he cannot afterward, simply because his own views of the law may have changed, or further investigation convinced him that his former position was correct, urge error in a ruling which he had accepted as the law. When he elects to amend, he abandons, not necessarily his view of the law as urged against the demurrer, but that particular pleading, and it is just the same as though it had never been filed, and a party who expressly abandons a pleading cannot at his own election, without permission of the court, urge it as an existing pleading in the case."

This case has been cited with approval in *Jenkins v. Oklahoma City*, 27 Okla. 230, 111 Pac. 941; *Chidsey v. Ellis*, 31 Okla. 107, 125 Pac. 464; *Pacific Mutual Ins. Co. v. O'Neal*, 36 Okla. 792, 130 Pac. 270.

But it is urged by the plaintiffs in error that they were not present and knew nothing of the signing of the first order. There is nothing, however, in the record to support this contention. It appears from the first order that the cause was argued on that date, that exceptions were saved to the ruling of the court, and the order then contained a provision giving the plaintiffs time to amend their petition. The second order does not recite that there was any mistake in making the first order, but seems to fall directly within the decision of *Berry v. Barton, supra,* that in the interim before the entering of the second order counsel had changed their minds and concluded to stand on the petition. We cannot, on this motion, look at anything but the record, and it is stated positively by counsel in reply to the motion to dismiss that they had no notice of this order and never intended to plead further, and that the second order was intended to supersede the first. This is specifically denied by the defendants in error. We cannot pass upon this question of fact; but, if the contentions of the plaintiffs are correct, it would be a miscarriage of justice to dismiss the appeal on this ground.

By section 5243, Rev. Laws 1910, it is provided that if, after a record or case-made has been filed in this court, it shall appear that any statement, or certificate, or motion or other matter is omitted from such record, or insufficiently stated therein, the appellate court may, of its own motion, cause such correction to be made, and that no appeal shall be dismissed by reason of such errors or omis-

sions until an opportunity be given to supply the correction.

We therefore recommend that this case be remanded to the county court of Okmulgee county, with instructions to find, first, whether the plaintiffs in error were present when the first journal entry was entered; second, whether the plaintiffs in error knew at the time this journal entry was entered that it contained a provision giving them time to file an amended petition; and, third, whether it was intended by the court in the second journal entry to expunge the first. That such corrections be made within 30 days from this date, and that five days' notice of the hearing be given to the defendants in error.

By the Court: It is so ordered.

———————

PER CURIAM. The report and finding of the special county judge of Okmulgee county, made in the above case in compliance with the order and direction of this court of January 11, 1916, is hereby approved, and the motion of the defendants in error to dismiss the appeal is hereby sustained, and said appeal is dismissed at the plaintiffs in error's costs, upon the authority of *Berry & Berry v. Barton et al.,* 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, and *Chidsey et al. v. Ellis,* 31 Okla. 107, 125 Pac. 464.

By the Court: It is so ordered.