### STATE ex rel. FREELING v. MARTIN.

No. 7772—Opinion Filed Jan. 23, 1917.

(162 Pac. 1088.)

#### Pleading—Sustaining. Demurrer—Waiver of Error.

Where a demurrer to a petition is sustained and the plaintiff asks for and is granted time in which to amend, the error, if any, in sus-

taining said demurrer is waived and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action where he fails to file an amended pleading under the state of case above given was proper.

(Syllabus by Hooker, C.)

Error from District Court, Grady County; Will Linn, Judge.

Proceeding by the State of Oklahoma, on the relation of S. P. Freeling, against Lawrence Martin. Cause dismissed, and plaintiff brings error. Affirmed.

John B. Harrison, Asst. Atty. Gen., for plaintiff in error.

West, Hull & Hagan and Welbourne & Bailey, for defendant in error.

Opinion by HOOKER, C. The petition in this case alleges: That on the 16th day of February, 1915, the Farmers' & Merchants' Bank of Mountain View, Okla., became insolvent and was so declared by the bank commissioner of the state of Oklahoma, and on said date the bank commissioner of said state closed the bank, took charge of its affairs, and that by reason thereof the state of Oklahoma acquired a first lien on all the assets of the bank for the benefit of the depositors' guaranty fund. That among the assets of the bank were 37 certain promissory notes, aggregating approximately the sum of $26,880, which notes were taken possession of by the bank commissioner, and copies of which are filed as a part of the petition, and which notes are now in the possession of the bank commissioner and all of which are past due and wholly unpaid. That on the 29th day of October, 1914, the defendant, Lawrence Martin, pursuant to a verbal agreement with the bank commissioner, gave to the bank commissioner his written guaranty for the payment of said notes and each of them on or before the 1st day of January, 1915. A true copy of which written guaranty is attached as a part of the petition. That said notes, nor any of them, were paid on the 1st of January, 1915, nor has any of them been paid since. And that all of them are now past due, and that the said Lawrence Martin has made default in his guaranty in the payment of said notes and each of them. To this petition the said Lawrence Martin filed a demurrer as follows:

"First. That the plaintiff has no legal capacity to sue in this action.

"Second. That there is a defect of parties plaintiff.

"Third. That the petition does not state facts sufficient to constitute a cause of action.

"Fourth. That the court has no jurisdiction of the subject of the action."

From the transcript it appears that:

"On this the 7th day of May, 1915, the same being one of the regular judicial days of the January term of said court this cause came on to be heard upon the demurrer to the petition, the plaintiff being present by the Hon. J. B. Harrison, and the defendant by Chas. West, his attorney, and it being fully argued is by the court taken under consideration and thereafter on this the 19th day of June, 1915, the same being one of the regular judicial days of the January term of said court, the court sustained said demurrer to which the plaintiff excepts, and at his request is allowed ten days from this date to amend his petition." (This appears in the journal entry signed by the judge of the court and duly filed on June 19, 1915.)

And thereafter on the 16th day of June, 1915, the following order was made:

"Now on this the 16th day of July, this cause coming on for further proceedings and the plaintiff being present by Hon. J. B. Harrison, Assistant Attorney General, and the defendant by his attorneys, the leave to plaintiff to amend having heretofore expired, and plaintiff announcing that it does not desire to plead further the demurrer having been heretofore sustained, the case is by the court dismissed, and it is by the court considered, ordered and adjudged that this cause be and it is hereby dismissed, to which order and judgment plaintiff excepts, and upon plaintiff's application it is granted 20 days to make and serve a case made herein, defendant to have ten days to suggest amendments, same to be settled on (3) days' notice by either party." (This journal entry signed by the judge of the court.)

The first proposition to which we will direct attention is as follows: It is contended by the defendant in error that on the 19th day of June his demurrer to the petition of the plaintiff was sustained by the court, and that the plaintiff, being present, obtained leave of the court to file an amended petition within ten days, which he asked for and which was granted to him; that inasmuch as the plaintiff failed to file an amended petition within the time allotted to him by the court in which so to do, and having failed to procure any extension of time in which to file an amendment to his petition, that the plaintiff is not in a position to appeal from the order of the court sustaining a demurrer to said petition, in that having asked for and obtained leave for time in which to amend he waived any defects or errors, if any, made by the court in sus-

taining a demurrer to said petition. With this contention of the defendant in error we must agree, for this same question has been before this court numerous times, and notably in the case of Campbell et al. v. Thornburgh et al., 57 Okla. 231, 154 Pac. 574, wherein this court said:

"A motion to dismiss this appeal on the ground that after a demurrer to the petition was sustained the defendant took time to plead over. The record shows two orders. The first made on the 14th day of May, 1914, recites: 'This cause coming on to be heard on this 14th day of May, 1914, on a demurrer of the defendants to the petition of the plaintiff heretofore filed, and after hearing argument of counsel, both for and against said demurrer, and being fully advised in the premises, the court finds that the first, second, fifth, sixth, and seventh grounds of the demurrer should be sustained, and that the third and fourth grounds of the demurrer should be overruled. It is therefore ordered, adjudged, and decreed that the first, second, fifth, sixth, and seventh grounds of the demurrer are hereby sustained, and the third and fourth grounds of the demurrer be and the same are hereby overruled, to which action of the court the plaintiff excepts. It is further ordered, adjudged, and decreed that the plaintiffs be and they are hereby given 20 days in which to file an amended petition. Exceptions allowed.'

"On the 28th day of May, 1914, another order was entered as follows: 'This cause coming on for hearing on this 28th day of May, 1914, being a regular term day of the April, 1904, term of this court and plaintiff appearing and refusing to plead further, and electing to stand on their petition heretofore filed, to which the demurrer was heretofore sustained on the 14th day of May, 1914, it is ordered, considered and adjudged that the petition be dismissed at plaintiff's costs, to which action of the court the plaintiff excepts,' etc.

"In the reply to the motion to dismiss it is stated that counsel for the plaintiffs had no notice of the filing of the first order, and asked no further time to plead, but this statement is denied by the defendants in error. There is nothing in the record to show that the plaintiffs were not present. In fact, the first journal entry recites that the demurrer was argued on that date, and that exceptions were saved to the ruling of the court on that date, and then follows the order allowing the plaintiffs time to file an amended petition. The question now presented is on the motion to dismiss. * * *

"Devereux, C. (after stating the facts as above). In Berry v. Barton, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, it is specially held that, where a demurrer is sustained and time is given to amend the petition, that error in sustaining the demurrer is waived. In the

opinion it is said: 'In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. * * * But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that, by pleading over after a demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. By taking leave to amend he thereby indicates his intention to abandon his former position and to draft his pleading upon a different theory, or to state his cause of action in different language. By taking leave to amend, he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it. Any other rule would permit delays under the guise of a desire to submit to the ruling of the court and amend, when in fact the party had no intention of amending. Courts everywhere insist upon such rules of practice and conduct of parties litigant as will promote justice and such as will not encourage or countenance deception. The attorney is supposed to know the law of his case equally as well as the court, and inasmuch as the statute, with the permission of the court, allows a party at his own exception to amend or stand on his pleading, it is only fair that he should make his election and then be bound by it; and, if he elect to amend, he cannot afterward, simply because his own views of the law may have changed, or further investigation convinced him that his former position was correct, urge error in a ruling which he had accepted as the law. When he elects to amend, he abandons, not necessarily his view of the law, as urged against the demurrer, but that particular pleading, and it is just the same as though it had never been filed, and a party who expressly abandons a pleading cannot at his own election, without permission of the court, urge it as an existing pleading in the case.'

"This case has been cited with approval in Jenkins v. Oklahoma City, 27 Okla. 230, 111 Pac. 941, Chidsey v. Ellis, 31 Okla. 107, 125 Pac. 464, and Pacific Mutual Ins. Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270."

Berry v. Barton, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, and Guess v. Reed, 49 Okla. 124, 152 Pac. 399, support the doctrine above announced.

When the plaintiff below failed to amend within the time allotted, the court dismissed the petition, which should have been done, and there was no error in so doing.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.