## CATES v. MILES et al.

No. 9396—Opinion Filed Dec. 11, 1917.

Rehearing Denied Jan. 16, 1918.

(169 Pac. 888.)

(Syllabus.)

**1. Pleading—Demurrer — Waiver of Error —Dismissal.**

Where a demurrer to a petition is sustained, and the plaintiff is granted time in which to amend, the error, if any, in sustaining said demurrer is waived, and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action, where he fails to file an amended pleading under the state of the case above given, is proper.

**2. Appeal and Error — Notice of Appeal — Statute.**

Section 5238, Rev. Laws 1910, as amended by Act March 23, 1917 (Laws 1917, c. 219, § 1), is mandatory, and, among other things, provides that: "The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action by N. J. Cates against W. P. Miles and others. From a judgment sustaining a demurrer to plaintiff's second amended petition, he brings error. Appeal dismissed.

E. G. Wilson, for plaintiff in error.

Geo. T. Brown, for defendants in error.

KANE, J. This cause comes on to be heard upon the motion of the defendant in error to dismiss the appeal herein, upon the grounds that this court has never obtained, and has not now, jurisdiction of this cause, or of the person of the defendant in error.

An examination of the record discloses that upon the filing of a second amended petition in the court below a demurrer was interposed thereto, and thereafter the court entered the following order:

"That afterwards, to wit, on the 24th day of February, 1917, the said demurrer coming regularly on for hearing, and the plaintiff appearing by his attorney Chas. L.

Fields, and the defendant W. P. Miles appearing by his attorney George T. Brown, and the court having heard the said demurrer, and the argument of counsel thereon, sustains the same, and plaintiff is given ten days to amend. To which ruling of the court in sustaining said demurrer the plaintiff at the time duly excepted."

Thereafter, and without further amending his petition pursuant to the leave granted, plaintiff in error filed his notice of "election to stand on original amended petition." Whereupon the opposite party filed a motion to dismiss the action, and thereafter on the 4th day of May, 1917, judgment was entered dismissing said second amended petition as per said motion.

It is urged in the motion to dismiss that the appeal was taken from the judgment of May 4, 1917, and that therefore the act of the Legislature of March 23, 1917 (section 1, c. 219, Session Laws 1917), repealing the provisions of section 5238, Rev. Laws 1910, which in effect abolished summons in error, and enacting in lieu thereof a provision requiring the party desiring to appeal to give ten days' notice of his intention to appeal to be given in open court, is controlling in this case. The response denies this contention, and asserts that the appeal was taken from the order entered on the 24th day of February, 1917, and that therefore the law, as it stood before the act of March 23, 1917, governs.

Conceding that the appeal is attempted to be prosecuted from the order of February 24, 1917, sustaining the demurrer to the second amended petition, yet, as plaintiff in error was granted time to amend, and did not do so in compliance with the order, he thereby waived his right of appeal therefrom. The case of State ex rel. Freeling v. Martin, 62 Okla. 795, 162 Pac. 1088, is decisive of this point. In that case Mr. Commissioner Hooker, speaking for the court, said:

"The first proposition to which we will direct attention is as follows: It is contended by the defendant in error that on the 19th day of June his demurrer to the petition of the plaintiff was sustained by the court, and that the plaintiff, being present, obtained leave of the court to file an amended petition within ten days, which he asked for, and which was granted to him; that, inasmuch as the plaintiff failed to file an amended petition within the time allotted to him by the court in which so to do, and having failed to procure any extension of time in which to file an amendment to his petition, that the plaintiff is not in a position to appeal from the order of the

court sustaining a demurrer to said petition, in that, having asked for and obtained leave for time in which to amend, he waived any defects or errors, if any, made by the court in sustaining a demurrer to said petition. With this contention of the defendant in error we must agree. * * *"

The learned commissioner then quotes approvingly from the opinion in the case of Campbell et al. v. Thornburgh et al., 57 Okla. 231, 154 Pac. 574, wherein, among other things, it is said:

"In Berry v. Barton, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, it is specially held that, where a demurrer is sustained and time is given to amend the petition, that error in sustaining the demurrer is waived. In the opinion it is said: 'In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. * * * But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that, by pleading over after the demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. * * * By taking leave to amend he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it.' * * *"

As stated, it is to be seen from the journal entry sustaining demurrer to the second amended petition quoted above that the "plaintiff is given ten days to amend." This fact is denied in one of the responses on motion to dismiss, notwithstanding the record recitation. On this it is sufficient to say that, if the recitation in the record was incorrect, there should have been some step taken to correct the record, which has not been done.

The record shows that the order sustaining the demurrer to the second amended petition was entered on the 24th day of February, 1917. The final judgment in the case was entered on the 4th day of May, 1917. The act of March 23, 1917, requiring ten days' notice of intention to appeal, carried an emergency clause, and therefore was in force and effect from the date of its passage and approval. Since the plaintiff in error, as found above, waived his right to appeal from the first order, if he appealed at all, it necessarily must be from the judg-

ment of May 4, 1917, at which time the act of March 23, 1917, was in force and effect. The provisions of said act are mandatory, and, among other things, it is provided therein:

"The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

Therefore, in order to take such appeal, he was required to give notice required by the provisions of the above act. It is conceded that no such notice was given of plaintiff in error's intention to appeal from said final judgment.

For the reason that plaintiff in error waived his right to appeal from the order sustaining the demurrer to his second amended petition, and failed to give notice in open court within ten days of his intention to appeal from the final judgment in the cause, the appeal must be dismissed.

It is so ordered.

All the Justices concur.