## BANK OF BUCHANAN COUNTY v. PRIESTLY.

No. 10706—Opinion Filed Sept. 12, 1922.

(Syllabus.)

**1. Pleading—Effect as Admissions.**

Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the parties. They present to the court what the pleader claims the facts to be and upon such statement asks it to grant him relief, and he is bound by every statement against his interests made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal, if they are preserved in the transcript or case-made.

**2. Pleading—Error in Sustaining Demurrer —Waiver by Amendment.**

When a demurrer is sustained to a pleading and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer.

**3. Same—Striking Amended Pleading.**

Being fully convinced that the trial court did not abuse its discretion in striking plaintiff's third amended petition from the files. and that the plaintiff waived the error, if error was committed, in sustaining the demurrer to his second amended petition, it follows that the judgment of the trial court must be affirmed.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by the Bank of Buchanan County against George C. Priestly. Motion to strike amended petition sustained, and plaintiff brings error. Affirmed.

Foster & O'Neill, for plaintiff in error.

Rowland & Talbott, for defendant in error.

KANE, J. This was an action for the recovery of money commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.

The sole question for review in this proceeding in error is whether the trial court erred in sustaining the motion to strike from the files the plaintiff's third amended petition.

It seems that the trial court sustained demurrers to the first and second amended petitions, in each instance granting the plaintiff leave to amend. The second amended petition was drawn in two counts. The first count alleged, in substance, that the defendant was indebted to the plaintiff in the sum of $3,800 upon a certain written instrument, a copy of which, marked "Exhibit A," was attached to the petition. In the second count, which grew out of the same transaction and in which the same relief was prayed, the plaintiff set up a series of letters and oral declarations which he alleged constituted another purported contract which was partially in writing and partially oral, the parts in writing being attached to the petition as exhibits.

The prayers of both counts were precisely the same: that is. that the plaintiff prays judgment against the said George C Priest-

ly, defendant, in this count in the sum of $3.800, together with interest thereon at the rate of six per cent. per annum. That the plaintiff claimed to have but one cause of action is shown by the statement which followed the prayer to the second count, as follows: Plaintiff further states that only one money judgment is demanded for the sums above named, on counts one and two of this petition, and in the sum of $3.800, with interest thereon at six per cent. per annum from the 2nd day of March, 1914, and for costs of suit.

The trial court properly construed these two counts to comprise but one transaction and sustained a general demurrer to the petition as a whole upon the ground that the allegations contained in both counts and the purported contracts thereto attached, when construed together, failed to state facts sufficient to constitute a cause of action against the defendant. After this demurrer was sustained, the plaintiff, pursuant to leave granted, amended his petition by striking out the second count and all the exhibits pertaining thereto, whereupon the defendant moved the court to strike from the files the petition thus amended upon the following grounds:

First, that the alleged cause of action set forth in the third amended petition is identical with the claims set forth in the original petition and in the first and second amended petitions heretofore filed in this cause, and as to each the court has already sustained demurrers.

Second, that the facts set forth in plaintiff's third amended petition are identical with those set forth in plaintiff's second amended petition, excepting that the plaintiff has omitted to refer to and make a part of the petition certain written instruments shown in said second amended petition to have been a part of said transaction in which the instrument in writing sued on in the third amended petition was given. A demurrer having been sustained as to the second amended petition, the court should not now permit the plaintiff to select an isolated instrument in writing when it has already set forth in this action other instruments in writing which show that the plaintiff has no cause of action, and the court having directly ruled on this proposition, and considering the demurrer to the second amended petition, the third amended petition should not be permitted to stand.

In our judgment the trial court did not abuse his discretion in sustaining this motion to strike. Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the parties. They present to the court what the pleader claims the facts to be and upon such statement asks it to grant him relief, and he is bound by every statement against his interests made therein and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal, if they are preserved in the transcript or case-made. Lane Implement Company v. Lowder & Manning, 11 Okla. 61, 65 Pac. 926.

Good faith, as well as the statute law, required plaintiff to set forth in his petition all the facts constituting his cause of action in plain and concise language. This he did in his second amended petition, but when the court held that the facts alleged in both counts, construed together, failed to state a cause of action against the defendant, he sought to state a cause of action on paper by leaving out the allegations of his second count, although the previous petition clearly showed that there was but one transaction between the plaintiff and the defendant out of which no liability accrued.

And by taking leave to amend his second amended petition the plaintiff admitted the insufficiency of the pleading demurred to, and he cannot now take advantage of the error, if any there was, in sustaining the demurrer. It is well settled that when a demurrer is sustained to a pleading and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. Guess et al. v. Reed et al., 49 Okla. 124, 152 Pac. 399; Berry et al. v. Barton et al., 12 Okla. 221, 71 Pac. 1074; Campbell v. Thornburgh et al., 57 Okla. 231, 154 Pac. 574; Cabell v. McLish et al., 61 Okla. 224, 160 Pac. 592; Cates v. Miles et al., 67 Okla. 192, 169 Pac. 888.

The trial court, it seems to us, could have done nothing else but strike the petition, because it brought no new element into the case, and was really not an amendment.

Being fully convinced that the trial court did not abuse its discretion in striking plaintiff's third amended petition from the files, and that the plaintiff waived the error, if error was committed, in sustaining the demurrer to his second amended petition, it follows that the judgment of the trial court must be affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.