## DIXON et al. v. NATIONAL BANK of COMMERCE.

No. 11643—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 25, 1924.

### Appeal and Error—Waiver of Error—Amendment of Pleading after Demurrer Sustained.

Where a demurrer to the pleadings is sustained and the party whose pleading is attacked elects to amend, the error, if any, in the ruling of the demurrer is waived, and cannot be assigned as error, unless permission is asked, and granted by the court, to withdraw the announcement to amend, or the amendment filed, and leave granted by the court to appeal from the order sustaining the demurrer.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by the National Bank of Commerce, of Ft. Worth, Texas, against R. J. Dixon and O. K. Eysenbach. Judgment for plaintiff, and defendants appeal. Affirmed.

Stuart, Cruce & Bland and E. J. Doerner, for plaintiffs in error.

Willis & Works and G. Earl Shaffer, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Tulsa county, Okla., on the 9th day of April, 1920, by the defendant in error, plaintiff in the lower court, against the plaintiffs in error, defendants in the lower court, to recover the sum of $15,000, together with interest and attorney's fee, based on a promissory note for that amount.

Defendants filed an answer to plaintiff's petition, to which the plaintiff demurred, and on the 24th day of May, the court sustained same, defendants excepted, and asked leave of the court to file an amended answer, and were given ten days in which to file same, at which time, to wit, the 3rd day of June, defendants asked for an extension of time in which to file their amended answer; and the time was extended to June 14th. No amended answer being filed and the time having expired, the court, on the 18th day of June, at the request of the plaintiff granted a default judgment in favor of plaintiff and against the defendants or the amount sued for.

On the 22nd day of June, the case came on for hearing on motion of defendants which they denominate, "Motion for new trial, and motion to set aside and hold for naught default judgment and journal entry and judgment of date of 18th of June, 1920, or to modify same." And same was presented to the court in the absence of plaintiff or its counsel, and the court set aside the judgment of June 18th, and rendered judgment on the pleadings as they then stood, for plaintiff, which is practically the same as the judgment set aside, except that counsel for defendants appeared and excepted to the judgment of the court, and took the necessary steps to perfect this appeal, and asked leave to give supersedeas bond, all of which was granted, and is set forth in the journal entry of judgment.

Plaintiffs in error set forth numerous specifications of error, but urge in their brief the one proposition, only, that the court erred in sustaining the demurrer of plaintiff to defendants' answer.

Defendant in error makes the contention in response to this assignment of error that the appellants cannot raise that question for the reason that, if there was any error committed in sustaining the demurrer, the appellants waived same by asking leave of the court and taking time in which to amend the answer, and that by reason of this default, the plaintiff was entitled to the judgment rendered, and cites the cases of Berry v. Barton, 12 Okla. 221, 71 Pac. 1074; Campbell v. Thornburgh, 57 Okla. 231, 154 Pac. 574, 156 Pac. 1152; Cates v. Miles 67 Okla. 192, 169 Pac. 888; State ex rel. Freeling v. Martin, 62 Okla. 295, 162 Pac. 1088.

In the case of Berry v. Barton, supra, the court said:

"In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading, held to be defective, and not amend. * * * But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that by pleading over after a demurrer has been sustained a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party, as indicated by his acts at this time, which fixes his standing in court."

And the other cases cited, together with many other authorities, announce the same rule.

Appellants make the contention that the rule as above announced does not apply for the reason that they brought themselves within the rule as announced by this court in the cases of Winters v. Okla. Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Wallace v. Blassingame, 56 Okla. 218, 155 Pac. 1143, and other authorities cited announcing the rule that, where a demurrer has been sustained and leave granted to amend, the party may by permission of the court withdraw his offer to amend and stand on his exceptions to the court's order in overruling the demurrer, and appeal from said order, and cite the case of Winters v. Okla. Portland Cement Co., supra, wherein the court said:

"When a demurrer is sustained to a pleading and the pleader takes leave to plead over, error in the order sustaining

the demurrer is waived, but where such pleader obtains leave of court to withdraw an amendment filed after such leave to amend was taken, and to stand upon the pleadings to which the demurrer has been sustained, and is granted leave to appeal from the order of the court, the issues still being incomplete, he will not be held to such waiver."

This we think a sound doctrine, but from an examination of the record in this case we fail to find where the appellants have brought themselves within the rule. They file a very extensive motion asking that the judgment be set aside, a new trial granted, or the judgment modified but they nowhere ask the court for permission to withdraw this application or intention to amend, and that they be permitted to stand on the pleadings and their exceptions to the order of the court in sustaining the demurrer. In the motion filed appellants seek at great length to excuse themselves from not making this request of the court because of the fact that on the day when they expected the matter to be called up and prior to the rendition of any judgment in the matter they appeared at the courthouse and inquired for the judge, but were unable to locate him, and for that reason were deprived of their right to ask leave or permission of the court to withdraw their announced intentions to file an amended answer, and to stand on the original answer, and to appeal from the order of the court in sustaining same, but we do not understand that this leave can only be asked for in open court orally, while if the demand was made orally and the order made in open court, that would be sufficient, but in the absence of the judge of the court, they should have lodged with the clerk of said court a motion or application to that effect which would have protected their record, and prevented them from being in default of any pleading. So we think that the contention of appellee is well taken, and that the facts in this case bring it clearly within the rule as announced in the case of Berry v. Barton, supra, and we recommend that the judgment of the lower court be affirmed. And on motion of appellee, we hereby render judgment in favor of the plaintiff and against the bondsmen on supersedeas bond for the amount recovered in the lower court.

By the Court: It is so ordered.