## ROACH v. CHOCTAW LBR. CO.

No. 17909.    Opinion Filed April 3, 1928.

(Syllabus.)

**Appeal and Error—Waiver of Error in Sustaining Demurrer to Petition by Asking Time to Amend—Dismissal.**

Where a demurrer to a petition is sustained and the plaintiff asks for and is granted time in which to amend, the error, if any, in sustaining said demurrer is waived and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action where he fails to file an amended pleading will be upheld on appeal.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action by J. R. Roach against the Texas, Oklahoma & Eastern Railroad Company and the Choctaw Lumber Company. Judgment for defendants, and plaintiff appeals. Dismissed.

Davidson & Williams, Tom Beauchamp, and E. C. Armstrong, for plaintiff in error.

John S. Kirkpatrick, A. A. McDonald, J. S. Lake, and Lydick, McPherren & Jordan, for defendant in error.

PHELPS, J. J. R. Roach, plaintiff in error, who was plaintiff below, filed his action in the district court of McCurtain county against the Texas, Oklahoma & Eastern Railroad Company and the Choctaw Lumber Company, praying for damages for personal injuries. On the 10th day of September, 1926, the court sustained the demurrer of the Choctaw Lumber Company to plaintiff's second amended petition and the journal entry recites that:

"Thereupon the plaintiff, J. R. Roach, asks and was granted ten days in which to file his amended petition herein. * * *"

No amended petition was filed, but on the 20th day of September, 1926, plaintiff announced:

"That he elected, so far as the defendant Choctaw Lumber Company is concerned, to stand on his second amended petition, and decline to amend same"

—whereupon his action was, by this court, dismissed as to the Choctaw Lumber Company, and this appeal is prosecuted under two assignments of error, the first of which is that the court erred in sustaining the demurrer to the second amended petition, and the second that the court erred in dismissing the second amended petition.

It is urged by defendant in error that when the court sustained the demurrer to the second amended petition and plaintiff asked for and was granted time to amend, he thereby waived his right to predicate error thereon and that his appeal should be dismissed. This view is well supported by the authorities, among the more applicable ones being Berry v. Barton, 12 Okla. 221, 71 Pac. 1074; Morrill v. Casper, 13 Okla. 335, 73 Pac. 1102; Chidsey v. Ellis, 31 Okla. 107, 125 Pac. 464; Guess v. Reed, 49 Okla. 124, 152 Pac. 399; Campbell v. Thornburg, 57 Okla. 231, 154 Pac. 574; State ex rel. Freeling v. Martin, 62 Okla. 295, 162 Pac. 1088; Cates v. Miles, 67 Okla. 192, 169 Pac. 888; Bank of Buchannan v. Priestley, 87 Okla. 62, 209 Pac. 412; Dixon v. National Bank, 98 Okla. 181, 224 Pac. 307.

In Cates v. Miles, supra, the facts were very much the same as the facts in the instant case. A demurrer was sustained to the second amended petition and plaintiff was given ten days to amend, but instead of amending he filed his "election to stand on original amended petition," and in dismissing the case Mr. Justice Kane, speaking for this court, said:

"Conceding that the appeal is attempted to be prosecuted from the order of February 24, 1917, sustaining the demurrer to the second amended petition, yet, as plaintiff in error was granted time to amend, and did not do so in compliance with the order, he thereby waived his right of appeal therefrom. The case of State ex rel. Freeling v. Martin (62 Okla. 295), 162 Pac. 1088, is decisive of this point. In that case Mr. Commissioner Hooker, speaking for the court, said:

" 'The first proposition to which we will direct attention is as follows: It is contended by the defendant in error that on the 19th day of June his demurrer to the petition of the plaintiff was sustained by the court, and that the plaintiff, being present, obtained leave of the court to file an amended petition within ten days, which he asked for, and which was granted to him; that, inasmuch as the plaintiff failed to file an amended petition within the time allotted to him by the court in which so to do, and

having failed to procure any extension of time in which to file an amendment to his petition, that the plaintiff is not in a position to appeal from the order of the court sustaining a demurrer to said petition, in that, having asked for and obtained leave for time in which to amend, he waived any defects or errors, if any, made by the court in sustaining a demurrer to said petition. With this contention of the defendant in error we must agree. * * *'

"The learned commissioner then quotes approvingly from the opinion in the case of Campbell v. Thornburgh, 57 Okla. 231, 154 Pac. 574, wherein, among other things, it is said:

"'In Berry v. Barton, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, it is specially held that, where a demurrer is sustained and time is given to amend the petition, that error in sustaining the demurrer is waived. In the opinion, it is said: "In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. * * * But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that, by pleading over after the demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. * * * By taking leave to amend he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it." * * *' "

The rule above announced has been consistently followed in the opinions herein cited. Therefore, the law is so well settled that further comments thereon would serve no useful purpose, and under these authorities plaintiff cannot prosecute this appeal, and the same is hereby dismissed.

MASON, V. C. J., and HARRISON, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 3 C. J. p. 667, §538; 21 R. C. L. 621.