## BATTLE v. EPPERSON et al.

No. 19515.  Opinion Filed Nov. 27, 1928.

Phillips & Huggins, for plaintiff in error.

Park Wyatt, for defendants in error.

PER CURIAM. The parties to this appeal appear in this court as they appeared in the trial court; that is, plaintiff in error was plaintiff below, and parties will be referred to the same as they appeared in the trial court.

The plaintiff filed his action in the district court of Pottawatomie county to quiet title to real estate. To plaintiff's petition and amendments thereto the defendants demurred. The cause was regularly set for hearing on the demurrer, and the parties to the action appeared by their attorneys and presented their argument in support of the demurrer and pleadings respectively. The trial court, after hearing the argument and being fully advised in the matter, entered the following order sustaining the demurrer:

"It is therefore by the court ordered that the demurrers of the defendants to plaintiff's petition and the first and second amendments thereto be, and the same are sustained, and the said plaintiff is allowed ten (10) days from this date in which to file an amended petition. To which the said plaintiff excepts and exceptions are allowed by the court."

No amended petition was filed, but on the 10th day thereafter, plaintiff applied to the court for additional time in which to elect to appeal from the order sustaining the demurrer or to file amended petition, and upon this application the court made the following order:

"Now, on this 14th day of January, 1928, the above matter coming on for hearing on the application of the plaintiff herein for additional time within which to elect to appeal from the order of the court sustaining the demurrer to the petition, or to file an amended petition, and the court being fully advised in the premises: It is ordered that the plaintiff herein be given 15 days from this date within which to elect to stand on the order of the court sustaining the demurrer to the petition and appeal therefrom, or to file an amended petition."

Within the time allowed by this second order plaintiff appeared in open court and elected to stand on the petition and the various amendments thereto, whereupon the court entered the following order:

"Now, on this 27th day of January, 1928, the same being one of the regular judicial days of the regular January term, 1928, of the above court, the plaintiffs appear in open court, by their attorneys, Waldrep & Jones, and elect to stand on the petition, and the various amendments thereto, as filed herein.

"It is therefore, by the court, considered, ordered, and adjudged that said cause be and the same hereby is dismissed at the costs of the plaintiffs, to which the plaintiffs except and give notice in open court of appeal to the Supreme Court. Clerk directed to note notice of appeal on trial docket."

The appeal is prosecuted in this court upon two assignments of error: First, the court committed error in sustaining demurrer of defendants to plaintiff's petition and amendments thereto. Second, the court committed error in dismissing plaintiff's cause of action after sustaining demurrers as aforesaid. The defendants in error have filed their motion to dismiss this appeal on the grounds that the appeal presents as error only the action of the trial court in sustaining demurrer to plaintiff's petition and amendments thereto, and that the error, if any, committed by the court in sustaining the demurrer was waived by the plaintiff at the time the court made the order appealed from.

The motion is well taken. This court in the case of Cates v. Miles, 67 Okla. 192, 169 Pac. 888, announced the following rule:

"Where a demurrer to a petition is sustained, and the plaintiff is granted time in which to amend, the error, if any, in sustaining said demurrer is waived, and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action, where he fails to file an amended pleading under the state of the case above given, is proper."

The rule thus announced is supported by a long line of decisions of this court and is well supported by the following authorities: Berry v. Barton, 12 Okla. 221, 71 Pac. 1074; Morrill v. Casper, 13 Okla. 335, 73 Pac. 1102; Chidsey v. Ellis, 31 Okla. 107, 125 Pac. 464; Guess v. Reed, 49 Okla. 124, 152 Pac. 399; Campbell v. Thornburg, 57 Okla. 231, 154 Pac. 574; State ex rel. Freeling v. Martin, 62 Okla. 295, 162 Pac. 1088; and which rule has been followed in the cases of Bank of Buchanan v. Priestly, 87 Okla. 62, 209 Pac. 412; Dixon v. National Bank, 98 Okla. 181, 224 Pac. 307; Roach v. Choctaw Lbr. Co., 131 Okla. 72, 267 Pac. 256.

The second order entered by the court affords plaintiff no relief from his waiver of the error, if any, committed by the court in sustaining the demurrer, for the reason plaintiff asks for time to elect to appeal from the order sustaining the demurrer or to file an amended petition and was given time to elect to stand on the order of the court sustaining the demurrer to the petition and appeal therefrom or to file amended petition.

This order in no way changes the previous order except as to time in which to file an amended petition.

In the case of Berry v. Barton, supra, the court said:

"* * * By taking leave to amend, he admits the insufficiency of the pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it. * * *"

When plaintiff elected to stand on the petition, it was long after he had waived the error, if any, committed and without the vacation of either of the previous orders granting time to amend his petition, and when "plaintiff was granted time to amend and did not do so in compliance with the order, he thereby waived his right of appeal therefrom." Cates v. Miles, supra.

For the reason the plaintiff waived the error, if any, committed by the court in sustaining the demurrer and his right to appeal therefrom, there is nothing before this court for review, and the appeal is dismissed.