## SERVISS v. HOFFMAN et al.

No. 25843.   March 31, 1936.

Falkenberg & Ernest, for plaintiff in error.

Sam P. Ridings, for defendants in error.

PER CURIAM. Plaintiffs below, G. O. Hoffman, Louie W. Hoffman, and Homer H. Hoffman, partners as Hoffman Brothers, instituted this action to recover damages from S. A. Serviss, alleging that they leased land from S. A. Serviss and that before they had taken possession, the said Serviss sold the land, and they were unable to obtain possession from the purchaser. The prayer was for damages, consisting of expenses incurred by them in preparing to cultivate the land, and for damages for loss occasioned by their wrongful exclusion from the land. The lease was an agricultural lease, calling for the payment to the landowner of one-third of the small grain and one-half of the alfalfa grown and harvested.

The defendant below, S. A. Serviss, filed answer, consisting of a general denial, and further alleged that the lease executed was executed pursuant to an agreement that in the event Serviss sold the land before April 1, 1928, the lease was not to take effect, but was to become null and void, alleged that the land was actually sold prior to April 1, 1928, and that therefore the lease became void.

The plaintiffs for reply, generally denied the allegations of the answer. Thereafter, plaintiffs applied to the court for leave to withdraw their reply and file a motion to strike, which leave was granted, and a motion to strike was filed. This motion, on hearing, was withdrawn, and defendant was given time, upon request, to file an amended answer. Defendant filed an amended answer, denying generally the allegations of the petition, and admitting ownership of the land. Also, he alleged that the lease contract was delivered upon a condition precedent to its effectiveness, made known to the plaintiffs, that if the land was sold prior to April 1, 1928, the lease should not become effective, otherwise to be in full force and effect. To this amended answer, the plaintiffs filed a motion to strike all the allegations of the answer concerning the conditional delivery of the lease and the understanding at the time of the delivery of the lease. Before this motion was passed upon and pursuant to an order of court on another motion, the defendant filed a second amended answer, containing practically the same allegations as his first amended answer. To the second amended answer the plaintiffs filed a motion to strike all allegations with reference to the conditional delivery of the lease, and the conditions upon which the lease was to become effective or void as being in conflict with the allegations of prior pleadings. This motion was sustained and defendant was granted leave, upon his request, to file a third amended answer, which he did realleging and reiterating the same matters with reference to the conditional delivery of the lease. Plaintiffs again filed a motion to strike and upon hearing, and after the submission of briefs, the court sustained plaintiffs' motion to strike from the third amended answer all allegations with reference to conditional delivery or the conditions upon which the lease was delivered. The defendant asked time within which to file a fourth amended answer. Time was granted and in due course he filed a fourth amended answer containing allegations with reference to the escrowing of the lease with a bank and the

conditions upon which the lease was to be delivered to plaintiffs. The court again sustained a motion to strike all thereof from the fourth amended answer, leaving in the answer only a general denial of plaintiffs' allegations, and exception was allowed.

On account of the court's order striking all matters of defense set up in the fourth amended answer of defendant, except the general denial, the case was tried as if only a general denial had been filed. No evidence was offered by the defendant as to the condition precedent to the effectiveness of the lease, and the court, during the early part of the trial, stated that the only matter in controversy was the amount of damages if any, to be recovered by the plaintiffs.

We are of the opinion that the court erred in striking the allegations of defendant's fourth amended answer, which allegations were to the effect that the lease of the farm was negotiated by E. O. Brewer, agent of the plaintiffs, and was executed by the defendant, forwarded to the Bank of Salt Fork, with instructions to hold said lease until after the 1st day of April, 1928, and if said lands were not sold by the 1st day of April, then to deliver the lease to the plaintiffs; that the plaintiffs knew of the condition of the deposit of said lease in said bank; that the land was sold about the 1st day of March, 1928, of which sale the plaintiffs were notified; that if the plaintiffs secured said lease on or before the 1st day of April, 1928, said delivery was unauthorized, unlawful, and void, and created no estate in said plaintiffs to said land.

Plaintiffs contend that these allegations of the fourth amended answer, which were ordered stricken, constituted no defense to plaintiffs' cause of action, and were inserted in the fourth amended answer in direct violation of the trial court in striking certain portions of the third amended answer to the same effect. There is considerable difference between the allegations contained in the prior answers and those allegations contained in the fourth amended answer.

Plaintiffs contend that when the orders to strike certain portions of the several prior answers of the defendant were entered and defendant asked leave to file an amended answer, and did subsequently file an amended answer, the defendant waived the error of the court, if any, in striking the portions of the prior answers and could not raise that question on this appeal, and plaintiffs cite the cases of Battle v. Epperson, 135 Ok'a. 27, 274 P. 17, and Eastham v. Telegram Pub. Co. (Ore.) 248 P. 851.

In Battles v. Epperson, supra, we decided that where plaintiff was granted time in which to amend his petition, the error, if any, of the court in sustaining a demurrer was waived, and could not be assigned as error on appeal.

In the instant case, the allegations of the several answers varied considerably. The trial court committed error in striking certain portions of the second amended answer upon motion of the plaintiffs, on the ground that said portions of the second amended answer were in conflict with prior admissions and statements in prior answers. White v. Oklahoma Savings & Loan Association, 124 Okla. 24, 253 P. 977.

If, as alleged by defendant in his several answers, and particularly in his fourth amended answer, the lease was executed and deposited with the bank for delivery to the plaintiffs in the event defendant could not sell the land prior to April 1, 1928, and defendant did sell the land prior to said date, there could be no binding lease. Williamson v. Scully, 52 Okla. 531, 152 P. 839; Harlow Pub. Co. v. Walden, 168 Okla. 163, 32 P. (2d) 278; Bremyer v. School Ass'n of Swedish Evangelical Mission Conference of Kansas (Kan.) 122 P. 104.

The cause is therefore reversed and remanded to the trial court, with directions to grant the defendant a new trial, and to permit the defendant to set up in an amendment to his answer, or in another amended answer, the defenses set forth and contained in his fourth amended answer with reference to the condition precedent to the effectiveness of the lease and to the conditions under which the lease was deposited.

It is unnecessary for us to pass upon the other questions involved herein.

The Supreme Court acknowledges the aid of Attorneys Wilbur J. Holleman John A. Haver, and W. C. Henneberry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holleman and approved by Mr. Haver and Mr. Henneberry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.