**Anthony POINTS, Appellant,**

v.

**The OKLAHOMA PUBLISHING COM-PANY, a corporation, Appellee.**

**No. 54567.**

Supreme Court of Oklahoma.

May 24, 1983.

Rehearing Denied Nov. 15, 1983.

Silas Wolf, Jr., Vieno Lindstrom, Legal Intern, Norman, for appellant.

David Machanic, Michael Minnis, Pierson, Ball & Dowd, Oklahoma City, for appellee.

OPALA, Justice:

This appeal is fraught with a fatal postural defect. It must be dismissed.

■ The threshold issue to be resolved here is whether the decision from which the appeal is sought to be prosecuted should be regarded as a disposition on the merits of the case or as an involuntary dismissal, under 12 O.S.1981 § 683(5), "for disobedience by the plaintiff of an order concerning the proceedings in the action."[1] We hold that the order here under review must be dealt with as a § 683(5) dismissal "without prejudice to a future action".[2]

According to the record before us, the amended petition of October 23, 1979 was challenged by a general demurrer of November 13. The demurrer was sustained by a November 19 ruling that allowed 15 days to amend. When plaintiff had neglected to plead over, defendant moved, on December 6, to dismiss the action for failure to amend the petition within the time allowed by the order. The dismissal motion was reached for disposition on December 19. The written memorial of the action taken below that day recites in pertinent part:

"This matter came on for hearing . . . upon the Defendant's 'Motion to Dismiss'.

\* \* \* \* \* \*

The Court upon being advised that the Plaintiff elected to stand on his Amended Petition, *that the time for Plaintiff to*

*amend his Petition had expired . . . does hereby sustain the Defendant's Motion."* [Emphasis supplied].

■ An action's termination cannot be both "a judgment upon the merits"[3] and a dismissal *sans* prejudice. It must be either one or the other.[4] Were it not for the reference in the journal entry to plaintiff's election "to stand on his Amended Petition", the order under review would afford the classical example of a § 683(5) dismissal. Does the allusion to plaintiff's "election" alter the essential character or effect of the trial court's decision? We think not.

■■ When general demurrer to a petition is sustained, the defective pleading is "overturned" and the issues tendered by it are eliminated from the court's cognizance.[5] If error in such ruling is to be presented for immediate review, an election to stand on the challenged pleading must be made *in praesenti*[6] or within the time explicitly extended therefor by a court order.[7] An election made after the time to replead had expired is ineffectual because it comes too late. Failure to elect either when the demurrer is sustained or within the time explicitly extended therefor operates as a waiver of error, if any, in the court's ruling

---

1. The provisions of 12 O.S.1981 § 683(5) are: "An action may be dismissed, without prejudice to a future action:

    \* \* \* \* \* \*

    Fifth, By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action. \* \* \*"

2. *All* § 683 dismissals are statutorily required to be "without prejudice". *Cadwell v. Ryan,* 184 Okl. 174, 86 P.2d 282 [1939]; *Commonwealth Co. v. Lowenhaupt,* 179 Okl. 557, 66 P.2d 1064 [1937] and *Cook v. Search,* 100 Okl. 45, 226 P. 1039 [1924]; cf. *Fry v. Penn Mut. Life Ins. Co.,* 195 Okl. 507, 159 P.2d 550, 552 [1945].

3. "A judgment on the merits" is one that disposes of " 'the real or substantial grounds *of action or defense as distinguished from matters of practice, procedure or form'* ". [Emphasis original]. *Flick v. Crouch,* Okl., 434 P.2d 256, 261 [1967].

4. *Sanders v. Provine,* 169 Okl. 203, 36 P.2d 855, 857 [1934].

5. *Underside v. Lathrop,* Okl., 645 P.2d 514, 517 [1982]; *Spaulding v. Porter,* 94 Colo. 496, 31 P.2d 711, 713 [1934] and *Seufert v. Stadelman,* 178 Or. 646, 167 P.2d 936, 938 [1946].

6. *Cates v. Miles,* 67 Okl. 192, 169 P. 888 [1918]; *Roach v. Choctaw Lumber Co.,* 131 Okl. 72, 267 P. 256, 257 [1928]. In *Roach* this court held that:

    "Where a demurrer to a petition is sustained and the plaintiff . . . is granted time in which to amend, the error . . ., in sustaining . . . demurrer, is waived and cannot be assigned as error." In the same opinion, 267 P. at page 257, it is stated:

    "In *Berry v. Barton,* 12 Okl. 221, 71 P. 1074, 66 L.R.A. 513, it is . . . held that, '*where a demurrer is sustained and time is given to amend the petition, that error in sustaining the demurrer is waived.* \* \* \*' " [Emphasis supplied].
    See also *Frenn v. Nabours,* 177 Okl. 428, 60 P.2d 386 [1936] where the same rule was again pronounced in a slightly different language.

7. *Lisle v. Anderson,* 61 Okl. 68, 159 P. 278, L.R.A. 1917 A. 128 [1916].

upon the demurrer.[8] Not once in its entire history has this court deviated from this norm of procedure.

█ The plaintiff did not stand on his amended petition at the time demurrer to it was sustained. Nor did he ask for additional time in which to make an election. If, as he contends here, he did not actively seek leave to amend,[9] he certainly acquiesced in the order allowing him 15 days to so do. His election, which came after the 15-day limit had expired, and after the § 683 dismissal motion had been brought to secure an order terminating the case, was hence but an afterthought. Because it does not alter the essential nature of the court's December 19 dismissal here to be reviewed, it cannot preserve for review the legal sufficiency of the amended petition. Nor can it rectify the fatal postural defect in the instant appeal.[10]

The December 19 order from which this appeal was lodged merely disposes of defendant's motion for § 683(5) relief. The plaintiff's tardy election was ineffectual to save error, if any, in sustaining a demurrer to his amended petition. Because no corrective relief is sought from any other error, there is here nothing for us to review.

Appeal dismissed.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, V.C.J., and WILSON, J., dissent.

WILSON, Justice, dissenting.

I must respectfully dissent. Where it is clearly the intent and understanding of the trial court and counsel that the court's suspension of the general demurrer to the petition is a final disposition of the cause on the merits, then in the interest of judicial economy, the ruling should be considered final and appealable under 12 O.S.1981, § 953.[1]

I take the position that had the plaintiff not appealed from this obvious merits ruling on the general demurrer, the court's order would have been res judicata, barring a future filing of this same cause of action under 12 O.S.1981, § 100. In *Martin v. Jackson,* 261 P.2d 878 (Okl.1953), this Court examined the question of whether an order sustaining a general demurrer and dismissing the case, was a bar to another suit on the same cause of action. There the familiar rule was cited that an order sustaining a general demurrer (i.e., that the petition fails to state facts sufficient to state a cause of action) and dismissing the action is considered a judgment "on the merits." And, in the Court authored syllabus of *Tip-*

---

**8.** *Frenn v. Nabours,* supra note 6; *Beaver, M & E R Co. v. Baker,* 167 Okl. 568, 31 P.2d 130, 133–134 [1934]; *Cates v. Miles,* supra note 6; *Roach v. Choctaw Lumber Co.,* supra note 6; *Campbell v. Thornburgh,* 57 Okl. 231, 154 P. 574 [1916].

**9.** There is *absolutely no* support in the record for plaintiff's claim that he did not ask for leave to amend. If the record be inaccurate in this respect, no effort was ever made, either here or below, to correct it. Nor is there *any* indication that plaintiff did attempt to defend against the motion to dismiss by contending that (a) either *no* amendment of his petition was due in 15 days from November 19 because *no* leave had ever been sought to file one or (b) the November 19 sustention order did operate as a judgment because he did, then and there, either waive his right to replead or elect to stand on his amended petition. If plaintiff did in fact regard the November 19 ruling as final termination of the case, his subsequent actions were *all* inconsistent with the position he assumes here.

He neither sought to memorialize the November 19 ruling on the demurrer as a judgment on the merits, nor did he resist the defendant's § 683(5) motion as a procedurally impermissible attempt to alter that judgment. See *Sanders v. Provine,* supra note 4. Moreover, this appeal assigns *no* error whatever in the December 19 dismissal. In short, the posture plaintiff ascribes to this case is in utter discord with the record that is before us.

**10.** *Battle v. Epperson,* 135 Okl. 27, 274 P. 17, 18 [1928]; *Cates v. Miles,* supra note 6 and *Roach v. Choctaw Lumber Co.,* supra note 6.

**1.** Title 12 O.S.1981, § 953, defines a final order:
An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article.

*ton v. Standard Installment Finance Co.,* 418 P.2d 309 (Okl.1966), it was stated:

Under Tit. 12 O.S.1961, sec. 318, parties to court actions "may" amend their pleading " * * * if the court, in its discretion, shall direct"; and, where such parties are present, by their counsel, at a hearing on their adversary's combination motion to strike their answer and for judgment, when said motion is sustained, but have made no effort to amend their answer, and make no request for leave to do so, or to file any additional pleading to take the place of said answer, and make no showing that they have an effective defense to the action, they are in no position to claim, on appeal, that the court erred, or abused its discretion, in failing, or refusing, to allow a pleading substitution, or amendment.

In *Tipton,* this Court found that the trial court therefore could have reasonably concluded that defendants had elected not to amend from their failure to do so. Similarly, there being a failure here to amend or to indicate in any other way that the plaintiff desired further time to amend, it should be presumed that he elected to stand on his petition.

I respectfully submit that where, as here, the general demurrer is sustained and plaintiff is given leave to amend, his failure to amend is tantamount to an election to stand on his petition, rendering by judicial inference that the motion to dismiss was intended to be with prejudice. In my opinion, this view would avoid multiplicity of litigation and the expenditure of time and effort no longer affordable by today's courts and litigants.