E. H. SANFORD V. JAMES GATES.

1. CONTINUANCE — *Refusal, Not Error.* Where an application for a continuance is made upon the affidavit of a party, upon the ground of the absence of material witnesses, and the adverse party consents that upon the trial the affidavit may be read in evidence, and the alleged testimony of the absent witnesses may be treated as their testimony, and the court then overrules the application for the continuance, *held*, not error.

2. INSTRUCTIONS — *Only One Complained Of.* Where the charge of the court is lengthy and contains many separate and independent instructions, and only one of such instructions is specifically mentioned by the plaintiff in error as erroneous, or otherwise, the supreme court is not called upon to consider any of the instructions except that one, although it may be claimed that all the instructions are erroneous.

3. INSTRUCTION, *Not Erroneous.* The court gave the following instruction to the jury: "You must determine this case upon the law as given to you by the court and the evidence as you have heard it from the witness stand, but in so doing *you may call to your aid and use the knowledge and experience you possess in common with the generality of mankind.*" *Held*, Not erroneous.

*Error from Wabaunsee District Court.*

THE opinion states the case. Judgment for plaintiff *Gates* for $65 and costs, at the July Term, 1885. The defendant *Sanford* complains, and comes here.

*E. H. Sanford,* plaintiff in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: There is nothing in this case that merits consideration. The first supposed error is the ruling of the court below upon a motion and affidavit for a continuance, filed by the defendant below, E. H. Sanford, who is now plaintiff in error. The continuance was asked for upon the ground of the absence of material witnesses. Their alleged testimony was set forth in the affidavit, and the plaintiff below, James Gates, who is now defendant in error, consented that on the

trial the affidavit might be read in evidence, and the alleged testimony of the alleged absent witnesses might be treated as their testimony. The court then overruled the application for a continuance. It is claimed that this was error, upon the ground that the plaintiff below should have been required to admit the aforesaid testimony as absolutely true in fact, and not merely as the testimony of the absent witnesses. Section 317 of the civil code, however, is against the contention of the plaintiff in error, defendant below, and under that section the ruling of the court below is unquestionably correct. That section has been in force for nearly twenty years.

There are two points made on the introduction of evidence, but they are so frivolous and trifling that it is unnecessary to consider them.

The next objections are to the instructions of the court to the jury. It is claimed that they are inconsistent, misleading, not embodying all the evidence, and erroneous. The charge of the court is lengthy and contains many separate and independent instructions, and yet only a part of one of such instructions is specifically mentioned by the plaintiff in error as erroneous, or otherwise. We are therefore not called upon to consider any of the instructions except that one. We might, however, in passing say that all the instructions are correct. That one reads as follows:

"You must determine this case upon the law as given to you by the court and the evidence as you have heard it from the witness stand, but in so doing *you may call to your aid and use the knowledge and experience you possess in common with the generality of mankind.*"

The portion of this instruction of which the plaintiff in error, defendant below, complains, is that portion which is put in italics. The instruction is not erroneous. (*M. R. Rld. Co. v. Richards*, 8 Kas. 101; *Craver v. Hornburg*, 26 id. 94.) The first of the above-cited cases was decided nearly seventeen years ago.

The judgment of the court below will be affirmed.

All the Justices concurring.