## WILLIAMSON v. SCULLY.

No. 4626. Opinion Filed July 13, 1915.

Rehearing Denied November 23, 1915.

(152 Pac. 839.)

1. **EVIDENCE—Parol—Written Agreement—Conditional Delivery.** The admission of oral evidence to explain the possession of, and to prove that the delivery of a written contract was conditional, and that such delivery was not to become effective until the happening of some other event, is not a violation of the rule which would prohibit the introduction of oral evidence to contradict or vary the terms of the contract.

2. **TRIAL—Instructed Verdict—Issues—Conditional Delivery of Contract.** Where the evidence tendered is competent, relevant, and material, it should go to the jury, and it is error to sustain an objection to such evidence and instruct a verdict against the party offering the same.

(Syllabus by Watts, C.)

*Error from District Court, Custer County;*
*J. W. Lawter, Judge.*

Action by Jerry C. Scully against J. A. Williamson. Judgment for plaintiff, and defendant brings error. Reversed.

*Henry Bulow* and *Jas. M. Shackleford,* for plaintiff in error.

*Geo. T. Webster,* for defendant in error.

Opinion by WATTS, C. This case comes from the district court of Custer county. The defendant in error, Scully, sued the plaintiff in error, Williamson, for services as real estate broker. The petition is in form, showing employment, listing the property, securing the purchaser, willing, able, and ready, etc., and written contract of sale between the owner and proposed purchaser. The answer is: (1) A general denial: (2) admission of employment; that the proposed purchaser was not "able, willing, and ready," etc., and that, in fact, plaintiff never made sale in accordance with the conditions of his employment; and denying liability. The case was tried to the court and jury. Plaintiff's evidence apparently sustained the petition. Defendant offered to prove, substantially, that the written contract was placed in escrow to be delivered and become effective upon the happening of future events, the purchaser returning home to Minnesota and the consummation of a proposed deal of his property there, whereby he would be able to perform here; that, in event of sale in Minnesota, purchaser was to send certain amount of money to the holder of the contract, in which event contract was to be delivered to seller and the deal thereby effected, which contemplated event never took place, and for this reason defendant claims the contract of plaintiff was without force. The trial court sustained an objection to the testimony above offered and instructed a verdict for the plaintiff. Defendant appeals, assigning, among other things, that the court erred in sustaining the objection to the evidence mentioned; in instructing a verdict and in overruling the motion for new trial.

Briefs of plaintiff have not reached us, but from the record and briefs of defendant it seems that counsel for plaintiff, and the trial court, took the view that the evidence tendered by defendant was an attempt to vary the terms of the written contract between the seller and buyer; but in this they were in error. The evidence tendered was competent, relevant, and material, and should have gone to the jury. The evidence in no way went to vary the contract, but goes to the proposition that the contract never became effective and binding, the very gist of the lawsuit. Both the text-writers and decisions are in harmony on this point.

Bishop on Contracts (3d Ed.) section 170:

"It may be shown by parol that a writing, however complete in form and execution it appears, was not intended by the parties to be their contract; as, where they signed it on the understanding that it should take effect only on a condition which has not been fulfilled."

Lawson on Contracts, p. 71:

"When a deed is delivered on a condition that it is not to take effect until something happens, during such period it is termed an escrow, but immediately upon the fulfillment of the condition it becomes operative and acquires the character of a deed."

Tiedeman on Real Property, section 579:

"Although the delivery of the deed will pass the title, if such is the intention of the grantor, and such intention will be presumed in the absence of anything to the contrary, yet there may be a conditional delivery, conditioned that the deed shall only take effect upon the happening of an event specified as the time of delivery."

*Dodd v. Kemnitz*, 74 Neb. 634, 104 N. W. 1069:

"Oral Evidence—Written Contract. The admission of oral evidence to explain the possession of and to prove that

the delivery of a written contract was conditional, and that such delivery was not to become effective until the happening of some other event, is not a violation of the rule which would prohibit the introduction of oral evidence to contradict or vary the terms of the contract."

*White v. Core,* 20 W. Va. 272:

"A deed committed to a third person to be delivered by him to the grantee upon the performance of a specified condition does not take effect until such condition is performed, although such third person may have delivered it to the grantee."

*Biederman v. O'Connor,* 117 Ill. 493, 7 N. E. 463, 57 Am. Rep. 876:

"Pleading and Evidence—Proof Under the General Issue. Under the general issue in an action *ex contractu,* the defendant may give in evidence anything which tends to show that the plaintiff never had any cause of action. So he may show that the instrument sued on never became a valid contract for want of delivery, or on account of nonperformance of a condition precedent to its taking effect; and such evidence does not vary or change the terms of a written contract."

Wigmore on Evidence, vol. 4, section 2408:

"Whenever, therefore, certain conduct or writing is put forward against a party as his purporting act, no principle prevents him from showing that there never was a consummation of the act."

In *Rutherford v. Holbert,* 42 Okla. 735, 142 Pac. 1099, L. R. A. 1915B, 221, Thacker, C., said:

"A written contract does not come into existence as such until its utterance is final and complete; and parol evidence to establish or refute such utterance, as by showing it was delivered upon a condition precedent, is admissible."

Further quoting:

"Where the pleadings and the evidence present an is-sue of fact in respect to whether a writing was delivered upon a condition precedent to its effectiveness, it is error for the court to so instruct the jury as to take such issue from them."

See, also, *Cleveland Refining Co. v. Dunning,* 115 Mich. 238, 73 N. W. 239; *Shelton et al. v. Durham et al.,* 7 Mo. App. 585; *Lamar Milling & Elevator Co. v. Craddock,* 5 Colo. App. 203, 37 Pac. 950; *John Pym v. Campbell et al.* (88 Eng. Common Law) Ellis & Blackburn, vol. 6, p. 370; *Cuthrell v. Cuthrell,* 101 Ind. 376.

We therefore think the trial court erred in sustaining the objection to the evidence, and in instructing a verdict, and in overruling the motion for a new trial. As this is the second time this case has found its way into this court (26 Okla. 19, 108 Pac. 395), the trial court should hereafter be able to dispose of the issues without serious controversy.

For the reasons herein mentioned, we recommend that the judgment of the trial court be reversed.

By the Court:   It is so ordered.