## GLASCO v. WALL et al.

No. 13424—Opinion Filed April 15, 1924.

Rehearing Denied June 3, 1924.

### 1. Bills and Notes—Holder in Due Course —When Burden of Proof on Indorsee.

The evidence showed that a note payable to W. was fraudulent at its inception, and without consideration. The burden was on G., the indorsee and holder, to prove that he acquired title as a holder in due course.

### 2. Same—Defect of Title—Evidence of Bad Faith.

While suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat the title of a holder, and that result can be produced only by bad faith of the holder, yet the jury—or the court, in the absence of the jury—may find bad faith therefrom.

### 3. Same—Disposition of Case.

Record examined and held, that G., the holder, failed to sustain the burden of proof under syllabus 1, above, and also that the circumstances under which he obtained the note were sufficient to support the judg-

ment that G. was chargeable with bad faith.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division 2.

Error from District Court, Garvin County; C. C. Smith, Assigned Judge.

Action by Chris Wall, by his guardian, against B. C. Wadlington, L. T. Wilson, and E. D. Glasco to cancel deed and note and mortgage. Judgment for plaintiff; defendant Glasco appeals. Affirmed.

E. E. Glasco and Roy Glasco, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

Opinion by ESTES, C. Chris Wall, incompetent, by his guardian, sued B. C. Wadlington, L. T. Wilson, and E. D. Glasco to cancel deed to Wilson to certain real estate and to cancel note and mortgage covering same, to Glasco. The latter prayed foreclosure against plaintiff. Parties will be referred to as they thus appeared. Plaintiff alleged conspiracy, fraud, and failure of consideration. The cause was tried as one in equity. Judgment was for plaintiff. Defendant Glasco alone appeals. It is assigned that the judgment is not supported by sufficient evidence and is contrary to law. The contentions will appear from the questions disposed of. The evidence tends to show that Wall paid Wadlington, an attorney of Ada, several hundred dollars for attorney fees for prosecuting idle suits; that Wilson—not an attorney—had assisted Wadlington in these matters, and had obtained other real property from Wall therefor; that Wadlington, according to his statement, procured the note in controversy and a mortgage on 100 acres of land to secure same, in order to appeal such causes; that Wadlington asked Wilson to assist him in procuring the note and mortgage, but that Wilson refused; that Wadlington then said he would send to Purcell and get Glasco to assist; that Glasco went to Ada and conferred with Wadlington on the day before the note and mortgage were procured and may have been there at the time, or immediately afterwards; that Glasco paid to Wadlington, by check, $225, and surrendered to Wadlington the latter's note of date of 1909, payable to Glasco, for $1,225 which, with interest thereon for several years, and said $225, were the consideration for the note and mortgage in controversy; that the statute of limitations had run against said old note which was not produced at the trial, nor satisfactory explanation made for its absence; that after Wadlington procured the note and mortgage from Wall, Wilson took a deed for the real estate covered by the mortgage, from Wall, as Wilson stated, to protect Wall; that at once Wadlington assigned said note and mortgage to Glasco; that Glasco made no inquiry whether the land covered by such mortgage was a homestead—the spouse of Wall not joining in said mortgage—and made no inquiry as to its value, but stated only that he, Glasco, was interested only in getting same; that there was no consideration passing from Wadlington to Wall for said note and mortgage; that Wall was 78 years of age, decrepit, of poor memory, very easily influenced, credulous, and very illiterate; that he was placed under guardianship after these transactions. There are other circumstances which we deem unnecessary to recite in this unfortunate affair.

1. Plaintiff showed that the title of Wadlington to said note was defective for that same was procured by fraud and without consideration. The burden then devolved upon Glasco to prove that he acquired the title to said note as a holder in due course. Lambert v. Smith, 53 Okla. 606, 157 Pac. 909. Under this record—material parts of which are recited above—Mr. Glasco failed to sustain this burden.

2. "Suspicions of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry will not defeat his title; that result can be produced only by bad faith on his part." Southwest Nat. Bank of Commerce v. Todd, 79 Okla. 263, 192 Pac. 1096.

It inheres in the judgment of the trial court that Glasco was defeated by bad faith on his part. In other words, the suspicious circumstances under which Glasco procured the note and mortgage—if he did not have actual notice of the fraud and failure of consideration—amounted to bad faith. We cannot say that the judgment in this behalf is clearly against the weight of the evidence.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.