## COMMERCIAL NAT. BANK OF MUSKOGEE v. AHRENS.

No. 16285—Opinion Filed March 23, 1926.

1. **Evidence — Parol — Admissibility to Vary Written Instrument.**

   Parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement between the parties constituting a condition precedent to taking effect of the written contract.

2. **Bills and Notes—Title of Assignor Defective — Burden on Assignee to Prove Himself Holder in Due Course.**

   In an action by the assignee of a promissory note, when the defendant shows that the title of the assignor was defective, the burden is on the plaintiff to prove, among other things, that he took the note in good faith and for value, and that at the time it was negotiated to him, he had no notice of any infirmity in the instrument, or defect of title of his assignor.

3. **Same—Finding of Bad Faith Based on Circumstances Exciting Suspicion of Defect in Title.**

   While suspicion of defect of title, or the

knowledge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat the title of a holder, and that result can be produced only by bad faith of the holder, yet the jury, or the court in the absence of the jury, may find bad faith therefrom.

## 4. Disposition of Cause.

The judgment is reasonably supported by the evidence under the above rules, and is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by the Commercial National Bank of Muskogee against Henry S. Ahrens. Judgment for plaintiff for less than sued for, and it appeals. Affirmed.

Benj. Martin and W. K. Zachry, for plaintiff in error.

Watts & Broaddus and Leahy & Brewster, for defendant in error.

Opinion by ESTES, C. Parties appear here in the same order as in the trial court. For a full statement of the facts in this case, see Ahrens v. Commercial Nat. Bank of Muskogee, 100 Okla. 250, 229 Pac. 237. There, the action of the trial court in granting plaintiff a new trial was sustained, and such new trial directed on plaintiff's suit upon the notes herein referred to, and on defendant Ahrens' first affirmative defense—the conditional delivery of the notes and whether plaintiff was a holder in due course. In 1920, Ahrens bought from Pilot Motor Sales Company a Pilot automobile under a conditional sales contract by which the company retained title until full payment. The price was $2,090, three hundred dollars cash payment, $1,200 due in three months and $590 due in six months. The contract provided:

"Said notes are given by said vendee and received by said vendor not as payments of said installments of said purchase price, but as evidence of the amount to become due hereunder. Said vendee does hereby consent that said vendor may discount or negotiate any or all of said notes, without changing their character as between the parties hereto."

Besides other conditions and terms, the contract contains the following, immediately following the description of said Pilot car: "One automobile, make, Stutz, model, touring," one note being described, "$1 200, Stutz car, due three months after date." Thereupon, the motor company indorsed and sold said notes to plaintiff bank. There is a dispute whether, at the same time, the motor company assigned and delivered also said conditional sales contract to the bank. Defendant alleged that he owned the Stutz car referred to in said contract, a secondhand car, and delivered same to the motor company; that as part of the same transaction, the motor company accepted same as payment for said $1,200 note in any event, agreeing also that it, the motor company, would sell said car and if sold for more than $1,200, defendant was to have such difference; that at the same time defendant was employed by said motor company to sell its Pilot cars, the company to furnish him ten cars when called for, and requiring a deposit of $50 on each car; that it was agreed that $500 of the $590 note was to cover such deposit for the purpose of guaranteeing that defendant, as such agent, would not encroach upon the territory of other agents of the company, and that said $500 never became due the motor company under said conditions; that the $90 of said latter note was due the motor company as the balance of the purchase price of the Pilot car purchased by defendant, which $90 defendant tendered plaintiff and offered to confess judgment for same; that therefore neither of said notes represented indebtedness owing by defendant to the motor company except as to the $90. Thus, defendant pleaded that said notes, while regular on their face, were delivered to the motor company on condition; and that plaintiff bank had notice thereof, in consequence of which it was not a holder in due course. From judgment for plaintiff for only said $90, plaintiff appeals.

1. It is contended that the court erred in admitting evidence for defendant to show such conditional delivery of said notes as alleged. It is well settled that parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of the written contract. Wagoner Bank & Trust Co. v. Doak, 69 Okla. 245, 172 Pac. 61; Gamble v. Riley, 39 Okla. 362, 135 Pac. 390; Edwards v. City Nat. Bank of McAlester, 83 Okla. 204, 201 Pac. 236. As between defendant Ahrens and the motor company, this evidence was not for the purpose of contradicting the terms of these notes, but to show that under no circumstances was defendant to become liable on the $1,200 note, and only on condition, on the $590 note, except as to said $90— that they were not present contracts, but

were to take effect on condition. Under the well-known rule, the evidence is sufficient to support the judgment in this behalf, and, in fact, is undisputed.

2, 3. The next contention is that the court erred in refusing an instructed verdict for the plaintiff, for that the undisputed testimony is that plaintiff was an innocent purchaser for value without notice. The vice president of plaintiff bank testified that the bank purchased said notes from said motor company, giving it credit on the books of the bank for the face value thereof; that he made such purchase for the bank and did not know of the existence of such conditional sales contract or any mortgage or other collateral security in connection therewith, held by the motor company. On cross-examination, he stated that he knew the motor company sold a good many cars on time, and, the motor company being a patron of the bank, he would know only of those transactions involving credit; that defendant, Ahrens, had no credit at the bank and he made no inquiry as to his financial standing at the time he purchased said notes; that he relied upon the indorsement of the motor company, and although he did not know, he presumed some chattel mortgage had been given, admitting that, on a former trial of a replevin action by the bank against Ahrens for the Pilot car, he had testified that he knew that these notes represented some sort of sales contract or chattel mortgage. In such replevin action, the petition of plaintiff bank, verified by said witness, alleged that, "on the —— day of April, 1920, for value and before maturity, said Pilot Motor Sales Company indorsed and delivered said notes and contract to plaintiff, and that plaintiff is the owner and holder in due course and in good faith." The witness further explained that at the time he verified the petition containing the foregoing, he had never seen the conditional sales contract, and did not until July of that year; that he read the petition and presumed and believed that the collateral security evidenced by the contract would follow the notes. Defendant introduced in evidence the said petition in said former replevin action, containing said verified allegation that the contract as well as the notes had been assigned by the motor company to the plaintiff bank, and also the copy of the conditional sales contract attached as an exhibit to said petition. Pleadings in a civil suit are solemn declarations of the parties. They present to the court what the pleader claims the facts to be. Ordinarily, the pleader is bound by statements against

his own interest made therein. Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 Pac. 412. Although the said replevin action was not prosecuted by plaintiff bank until some time after the purchase of said notes, it seems that the bank had not averred that said contract was assigned to it with said notes unless such had been the fact. Plaintiff was bound by knowledge of its contents even though it did not actually receive or examine said contract. It was bound to know that said contract, in describing said $1,200 note, stated, "$1,200 Stutz car—due three months after date," and the provision of said contract that said notes were received by the motor company, not as payments of said installments of the purchase price, and other conditions.

Section 7725, C. O. S. 1921, provides that the title of a person who negotiates an instrument is defective, among other things, "when he negotiates it in breach of faith, or under such circumstances as to amount to fraud." The title of plaintiff's assignor, motor company, to said notes was defective under the first holding of this opinion. Under section 7729, Id., when defendant Ahrens showed that the title of the motor company to the notes was defective, so as aforesaid, the burden was on the plaintiff bank to prove that it acquired the title to the notes as holder in due course. Section 7722, Id., provides the conditions under which one is a holder in due course, among which is that he take the note in good faith and for value and that at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect of title of the person negotiating it. In numerous cases, including Glasco v. Wall et al., 99 Okla. 253, 226 Pac. 572, it is held:

"While suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat the title of a holder, and that result can be produced only by bad faith of the holder, yet the jury, or the court in the absence of the jury, may find bad faith therefrom."

If plaintiff bank did not have full knowledge that the title of the motor company to said notes was defective—that is, that they were executed and delivered to the motor company by defendant on condition—sufficient to defeat the claim of the bank that it was a holder in good faith in due course, the foregoing evidence of defendant is sufficient for the finding by the jury of bad faith on the part of plaintiff bank. The circumstances shown by said evidence were such as to excite suspicion on the part of

the bank, as it would of a prudent man, and lead to an investigation, which, if fully pursued, would have revealed to the bank the defective title of the motor company in said notes at the time plaintiff bank purchased same. The evidence of defendant reasonably tends to support the verdict of the jury on the theory that the jury found that the plaintiff took said notes in bad faith and therefore was not a holder in due course. Under the verdict, plaintiff did not sustain the burden of proof in this behalf cast upon it so as aforesaid. It is unnecessary, under the foregoing, to consider the other assignments of error.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 1098 § 1459; p. 1150 § 1540; anno. 17 L. R. A. 270; 10 R. C. L. p. 1035 et seq.; 2 R. C. L. Supp. 1143; 4 R. C. L. Supp. 687: 5 R. C. L. Supp. 584. (2) 8 C. J. p. 893 § 1291; pp. 988, 989 § 1295. (3) 8 C. J. pp. 501. 502 § 710. (4) 4 C. J. p. 853 § 2834; anno. 29 L. R. A. (N. S.) 351: 44 L. R. A. (N. S.) 395; L. R. A. 1918F, 1148; 3 R. C. L. p. 1072; 1 R. C. L. Supp. 973; 4 R. C. L. Supp. p. 234.