**SHEEAN v. WALDEN et al.**

No. 17505.   Opinion Filed Nov. 22, 1927.

Rehearing Denied March 20, 1928.

(Syllabus.)

**1. Bills and Notes—Holders for Value—Evidence of Bad Faith of Purchaser.**

In an action on a promissory note, where there is nothing on the face of the note to cast suspicion upon its character, it can only be impeached in the hands of a holder for value before maturity by evidence that he took it under circumstances which rendered him guilty of bad faith, and such evidence is always admissible.

**2. Appeal and Error—Necessity of Exceptions to Evidence.**

Whether the court erred in the admission of testimony will not be considered where no objections are made to the introduction of the testimony when offered.

**3. Trial—Refusal of Instructed Verdict—Questions of Fact.**

In a case as described in paragraph 1 of the syllabus, where the evidence is susceptible to divergent views by men of ordinary intelligence, refusal of an instructed verdict is not error.

**4. Trial—Refusal of Requested Instructions Substantially Covered in Charge.**

Where the applicable principles of law contained in requested instructions are substantially covered by the instructions given by the court on its own motion, refusal of such requested instructions is not error. Nor in such case is it error to refuse other requested instructions on the object and purpose of the law.

**5. Instructions Held not Erroneous.**

Challenged instructions in the instant case examined, and considered with the given instructions as a whole, and held not to be erroneous.

Commissioners' Opinion, Division No. 1.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by Jennie W. Sheean against Lula B. Walden and John L. Walden. Judgment for defendants, and plaintiff appeals. Affirmed.

E. C. Stanard, M. L. Hankins, and R. G. Stevens, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

TEEHEE, C. In this appeal the parties appear as they appeared in the trial court. On January 30, 1924, plaintiff, as transferee and holder in due course, sued defendants as makers on a promissory note for $4,000, and for foreclosure of a real estate mortgage given in security thereof. These instruments bore date of November 3, 1921. The maturity date of the note was November 1, 1926. Nonpayment of any interest coupon matured the principal. Default of interest due November 1, 1923, was alleged. The paper was purchased from the Conservative Loan & Trust Company, the original payee, on or about January 4, 1922.

Defendants answered by general denial, but admitted execution of the note and mortgage, and that if plaintiff in fact was the holder thereof, she purchased same in bad faith by reason of knowledge of fact and circumstances sufficient to charge her with notice that such paper was without consideration. Plaintiff, by replication, traversed the new matter contained in the answer. There was a jury verdict and judgment thereon for defendants.

Of the judgment plaintiff complains under three propositions: First, erroneous admission of certain testimony; second, refusal of an instructed verdict for plaintiff; and, third, failure of the court to properly instruct the jury.

The nature of the questions to be determined renders it necessary to first notice the vital points admitted or tended to be established by the evidence. The negotiations in the transaction were conducted by correspondence by plaintiff's agent, Frank T. Sheean, of Galena, Ill., with the loan company at its office at Shawnee, Okla.

Plaintiff's agent furnished all the evidence concerning the transfer. It was admitted that he at all times had possession and control of the papers in the case, until they were delivered to plaintiff's attorney for the purpose of this suit. His evidence was given by deposition. He had for a long time handled commercial paper of the character here involved aggregating in par value several hundred thousand dollars for the loan company which he had disposed of to clients and other investors. Those transactions arose generally upon his own motion by correspondence, and sometimes on the motion of the loan company, either in like manner or in person through one of its officers who would seek disposal of commercial paper through Sheean's office at Galena.

Plaintiff was the owner of one of such loans for $4,000 known as the Mary Douglas Loan, which matured January 1, 1922. At

about that date plaintiff's agent forwarded this to the Conservative Loan & Trust Company, original payee and transferor, for collection. Without previous proposal of purchase by plaintiff, the loan company, on January 5, 1922, by letter, offered to plaintiff's agent the Walden loan, the basis of this suit, as in substitution for the Douglas loan. With the letter there were enclosed the Walden note and mortgage, the loan application, assignment executed in blank, and the guarantee of the loan company.

Plaintiff's agent, by letter dated January 23, 1922, advised the loan company that the proposed substitution would be satisfactory "provided the abstract shows good title," and requested delivery of abstract as early as possible in order to advise his principal that the papers in the loan were complete. Some time after the receipt of the Walden papers, plaintiff's agent filled in the name of the plaintiff in the assignment. The loan company paid the first interest coupon which matured on November 1, 1922. In April, 1923, plaintiff's agent visited the office of the loan company, and conversed with both the president and one of the vice presidents about the loan business generally, but thought there was no discussion of the Walden loan. On May 8, 1923, the loan company by letter advised plaintiff's agent that the title to the security in the Walden loan could not be perfected and proposed to substitute two other loans aggregating the Walden loan.

Plaintiff's agent, on May 24, 1923, by letter rejected the proposal and demanded of the loan company the amount involved, but retained the Walden papers.

There were no further negotiations relative thereto. Plaintiff's agent did not regard the transaction complete until he had examined the abstract of title. No abstract in this case was furnished. It was his custom in dealing in real estate loans, never to place an assignment of record until he had checked the abstract of title. The assignment in this case was not placed of record. In June, 1923, the loan company became insolvent. Plaintiff's agent did not learn of this until the following month. Defendants had no notice that their paper had been transferred by the loan company until summons was served on them in this cause. They had dismissed the matter upon rejection of title by the loan company. When John L. Walden, one of defendants, sought plaintiff for the purpose of taking her deposition, he was informed by plaintiff's agent and her local attorney, John A. Shee-

an, that her whereabouts was unknown. At the trial this attorney testified that she was too ill to appear and testify in the cause.

First. Under plaintiff's first proposition complaint is made of the admission of certain parts of the detailed evidence brought out on cross-examination of plaintiff's agent concerning the vital points tended to be thus established. The first evidence complained of was in relation to the letters of May 8, and May 24, 1923, containing advice by the loan company that the abstract of title could not be completed, and recalling the loan in controversy and proposal of substitution, and rejection of the proposal by plaintiff's agent and his demand upon the loan company for remittance of the amount involved; and also as to the method of handling loans by plaintiff's agent. This evidence tended to show that neither the original transaction nor the alleged purchase had in fact been completed, of which facts plaintiff had notice under a rule now too well established as the law of the land to here reiterate, as disclosed by the letters exchanged between plaintiff's agent and the loan company, and that the transaction of the case in hand was not handled in the usual and customary manner of handling such transactions as testified to by plaintiff's agent. In our view, the challenged testimony was material to the issues raised by defendants' answer as in impeachment of the good faith of plaintiff's purchase, if, in fact, the same may be considered as having been effected under the record, and thus were circumstances tending to establish that plaintiff was not a holder in due course within the meaning of the law, or that plaintiff was a stranger thereto.

In this class of cases, where there is nothing on the face of a note to cast suspicion upon its character, the rule is well settled that it can only be impeached, in the hands of a holder for value before maturity, by evidence that he took it under circumstances which rendered him guilty of bad faith, and that such evidence is always admissible. Goodrich v. McDonald, 77 Mich. 486; McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, 44 L. R. A. (N. S.) 396; Lambre v. Smith, 53 Okla. 606, 175 Pac. 909, 18 A. L. R. 1; Glasco v. Wall, 99 Okla. 253, 226 Pac. 572; Commercial National Bank v. Ahrens, 117 Okla. 65, 245 Pac. 557. Clearly under these authorities the evidence complained of was admissible for the purpose it was intended to serve.

Hereunder plaintiff further complains of certain evidence introduced by defendants which tended to show that they had for some time sought to have the original transaction closed. This consisted of a series of seven letters passing between the loan company and the defendant John L. Walden. It does not appear that objection was made at the time these were offered in evidence.

"Whether the court erred in the admission of testimony will not be considered, where no objections are made to the introduction of testimony when offered." Eichoff v. Russel, 46 Okla. 512, 149 Pac. 146; Scanlan v. Barkley, 72 Okla. 86, 178 Pac. 674.

Hence this complaint is not before us for consideration.

Second. It is next contended that the court erred in not instructing the jury to return a verdict for plaintiff. It is urged in this connection that defendants offered no competent evidence which contradicted or tended to disprove a prima facie case shown by plaintiff's evidence. This of course could not be determined until the parties rested, as plaintiff voluntarily assumed the burden of proof to show not only that she was a holder for value before maturity without notice of any defect or infirmity of title in her transferor, but, also, to make out her entire case which required evidence showing that she had no knowledge of facts or circumstances from which a jury may find that her purchase in fact was made in bad faith and proceeded to introduce evidence to meet such defense set up in the answer. Defendants' witnesses, aside from showing the conduct of plaintiff's witnesses at the time plaintiff was sought, failure of consideration in the original transaction which plaintiff admitted, and the office custom of the loan company in handling loans, furnished only a part of the evidence to sustain defendants' contentions. The larger part of such evidence relied on by defendants was given by plaintiff's agent on cross-examination in the course of presentation of the case.

When the parties rested it clearly appeared from the evidence that the loan involved was recalled because of failure to complete title; that it was the custom upon completion of the purchase of a loan to place the assignment of the note and mortgage on record, which was not followed in the cause at bar; that plaintiff's agent did not consider the transaction closed until the abstract of title was furnished, which was not done, warranting the conclusion that the purchase was never effected; and that there was failure of consideration between the original parties to the note, which was also inferable from the fact that the title to the security was defective, wherein plaintiff's agent was advised. These facts with their details, and with no evidence affirmatively showing plaintiff's good faith in the transaction which the law in the circumstances required of her, left the record in that state where the evidence upon the vital question of good faith or the fact of purchase was susceptible to divergent views by men of ordinary intelligence. In such case it is well settled that refusal of a request for an instructed verdict is not error. Moore v. First National Bank, 30 Okla. 623, 121 Pac. 626; Continental Ins. Company v. Chance, 48 Okla. 324, 150 Pac. 114; Bessie v. Morgan, 84 Okla. 203, 202 Pac. 1012; Union State Bank v. Mayor, 88 Okla. 230, 212 Pac. 987.

Third. Plaintiff finally contends that the court committed error in refusing and failing to properly instruct the jury, in that the court refused to give certain requested instructions which plaintiff contends were not embodied in the general instructions given, and to certain instructions given to which plaintiff excepted. Plaintiff requested eleven special instructions. Several of these related to the law defining a holder of commercial paper in due course, and the others to the object and purpose of the law.

We have carefully examined the general instructions given by the court. In our view they fairly embodied the law applicable to the issues raised by the pleadings and the evidence, and for that reason refusal of the requested instructions upon that phase was proper. Whitehead Coal Mining Co. v. Schneider, 75 Okla. 175, 183 Pac. 49; Grantz v. Jenkins, 73 Okla. 205, 175 Pac. 527; St. L., I M. & S. R. Co. v. True, 71 Okla. 264, 176 Pac. 758. Having performed its full duty in thus instructing the jury, the court properly refused the other requested instructions relative to the object and purpose of the law. Lincoln v. Wright, 23 Pa. St. 76, 62 Am. Dec. 316.

Two of the given instructions complained of were as follows:

"3½. You are instructed that a purchaser of a negotiable promissory note is a person who takes title thereto without any conditions and delivers money or other property in consideration for such exchange.

"6. You are instructed that if you should find from a preponderance of the evidence

that plaintiff purchased said note in question before maturity for a valuable consideration and without knowledge of any defects therein, that she is protected under the law of negotiable instruments, and is entitled to recover in this action notwithstanding the fact that the defendants did not receive value or compensation for said note, provided plaintiff had theretofore unconditionally accepted said note."

Under the record in this case we see no objections to these instructions, as plaintiff's own evidence, as above pointed out, tended to show that if there was a purchase of the paper involved it was upon the express condition that an abstract of title should be furnished to show the title of the security to be complete in the borrower, and that such abstract of title was never delivered. The principle thereof is in harmony with section 7700, C. O. S. 1921, which provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof"

—and other provisions defining a holder in due course. Hence, we do not see how these resulted in prejudice to the substantial rights of plaintiff.

The other instruction complained of is contained in the last paragraph of instruction numbered 7 upon the credibility and weight of the evidence, the paragraph being as follows:

"In determining your verdict in this case you may call to your aid such general knowledge and experience as you yourselves possess in common with all persons of general average intelligence."

This, plaintiff contends, was inconsistent and inharmonious with all the other instructions given, so that it would be impossible to say whether the jury arrived at its verdict pursuant to this instruction or upon the evidence in the case. There is no force in this argument as the principle embodied in the challenged instruction has been many times held not to be erroneous. Sanford v. Gates, 38 Kan. 405, 16 Pac. 807; Smith v. St. Louis & S. F. R. Co., 95 Kan. 451, 148 Pac. 759; Jenney Electric Co. v. Branham, 145 Ind. 314, 41 N. E. 448; Kitzinger v. Sanborn, 70 Ill. 146; Johnson v. Hillstrom, 37 Minn. 122, 33 N. W. 547.

Finding no reversible error in the record, the judgment of the district court is accordingly affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.