### YEAGER v. JACKSON.

No. 20450.    Opinion Filed March 7, 1933.

Sandlin & Winans, for plaintiff in error.

C. L. McArthur, for defendant in error.

WELCH, J. This is an appeal from the district court of Stephens county, wherein judgment was rendered in favor of J. M. Jackson, defendant in error, but plaintiff in that court, in an action wherein he brought suit to recover $200 which he had paid George M. Yeager on the 25th day of August, 1927, as part payment on a contract for the purchase of real estate.

The written contract is as follows:

"This contract entered into this the _____ _____ by and between Geo. W. Yeager and Joseph M. Jackson, as follows, Yeager sells to Jackson the east half of lot 1, block 108 in Duncan, Okla., for $3,150 to be paid as follows: Two hundred dollars cash in hand, $150 Oct. 1, 1927, and $150 Nov. 1, 1927, and the balance of $922 to be paid $50 each three months starting Feb. 1, 1928, until paid, all of the above to draw interest from date at 8 per cent. per annum. Jackson is to pay the loan to Local Building & Loan Ass'n of Oklahoma City, which is balance due $1,728, and payable monthly at $25 per month starting Sept. 1st.

"Deed to be made by Geo. W. Yeager and wife to Jackson and put in deposit box in First National Bank, Yeager is to take care of 1927 paving.

"Geo. W. Yeager
"J. M. Jackson."

At that time the house was occupied by a tenant of Yeager. The purchaser, Jackson, paid $200 in August, 1927, at the time of the signing of the contract, made no other payment, and was never in possession of the premises.

On November 7, 1927, the purchaser, Jackson, as plaintiff, filed his suit to recover back the $200 he had paid upon the allegations and theory, in substance, that when he agreed to purchase the house and lot in August, the trade was made conditioned that he should receive possession of the premises by or before September 1st, in order that he might send his child to the Duncan public school, and that when the agreement was reduced to writing and signed by the parties, it was by agreement of the parties not to become effective and binding unless the vendor, Yeager, could and should deliver possession of the premises by or before September 1st; that he, the purchaser, Jackson, made consistent effort to obtain possession by or before September 1st; but could not, and did not, do so; that plaintiff in error could not, and did not, deliver the premises by the time agreed upon, and that, therefore, the written contract never became effective, and for these reasons the purchaser, Jackson, claimed the right to the return of the $200 paid.

The defendant and vendor, Yeager, answered by general denial, and pleaded, and in the trial relied upon, the written contract, claiming, in substance, that he had always been ready to deliver the possession of the premises when the purchaser, Jackson, was ready to move in; and the vendor, Yeager, sought to compel specific performance of the written contract.

The purchaser, Jackson, replied by general denial, reiterating his claim that the contract was executed and delivered conditionally, and upon the condition that same should not become binding or effective unless possession of the premises was delivered by or before the time school opened on September 5, 1927; that Yeager was unable to deliver possession in accordance with the terms of said condition.

Upon these issues the cause was tried to the jury. There was evidence tending to sustain both the allegation and claim of the purchaser, Jackson, and the allegations and claims of the vendor, Yeager. The cause was submitted to the jury, which found generally for the plaintiff, Jackson, and that he was entitled to a return of the $200 paid.

The vendor, Yeager, as plaintiff in error, prosecutes this appeal and contends that whatever the oral negotiations were as to the time when the purchaser, Jackson, would want or be entitled to possession of the property, the written contract superseded them, and that the terms of the written contract cannot be varied by parol testimony. And the plaintiff in error presents assignments of error as follows: That the trial court erred in admitting the oral testimony as to the understanding or agreement that possession was to be furnished as a condition precedent to the contract becoming effective;

that the trial court erred in submitting this issue of fact to the jury in certain instructions; and that the verdict and judgment are not supported by the evidence, and are contrary to law.

In Gamble v. Riley, 39 Okla. 363, 135 P. 390, the second paragraph of the syllabus is as follows:

"It is elementary that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; this is not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

To the same effect are the following cases: Tovera v. Parker, 35 Okla. 74, 128 P. 101; Horton v. Birdson, 35 Okla. 275, 129 P. 701; Colonial Jewelry Co. v. Brown, 38 Okla. 44, 131 P. 1077; Rutherford v. Holbert, 42 Okla. 735, 142 P. 1099; Adams v. Thurmond, 48 Okla. 189, 149 P. 1141; Williamson v. Scully, 52 Okla. 531, 152 P. 839; Hoard, Jr., Co. v. Grand Rapids Showcase Co., 74 Okla. 111, 173 P. 844; Commercial National Bank v. Aherns, 117 Okla. 65, 245 P. 557; Waggoner Bank & Trust Co. v. Doak, 69 Okla. 245, 172 P. 61. We find no authority to the contrary, and none is cited.

In Gamble v. Riley, supra, the document in question was a promissory note, but several of the cases above cited involve contracts for the purchase of real or personal property which contained on their face no conditional provision, but in each case the court followed the rule that parol evidence could be introduced to show that there did exist by oral agreement a condition precedent to the taking effect of the written contract. The authorities clearly indicate that this is a settled rule, and that the court did not err in admitting testimony as to this contention on the part of the defendant in error, Jackson, nor in submitting the issue of fact to the jury.

Plaintiff in error cites many authorities to the effect that the terms of a written instrument may not be changed by parol testimony, but as the foregoing authorities clearly point out, there is a vast difference between the changing of the terms of a written contract by parol, and the showing by parol that the contract was executed or delivered upon a condition resting in parol which is a condition precedent to the contract becoming effective.

In the trial the defendant in error, Jackson, testified clearly as to this condition precedent, and he was corroborated to some extent by the testimony of the agent of the plaintiff in error. The issue as to the existence of the condition precedent was squarely drawn. It was properly submitted to the jury by appropriate instructions and determined by the jury in favor of the defendant in error. There was ample evidence to sustain the verdict.

We therefore hold that the verdict of the jury was sustained by competent evidence, and that no error was committed by the trial court, and the judgment therein rendered in favor of the defendant in error is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BUSBY, and BAYLESS, JJ., concur. McNEILL, J., absent.