CREDIT ADJUSTMENT CO. v. McCORMICK et al.

No. 32639. March 18, 1947.

*178 P. 2d 610.*

A. C. Markley, of McAlester, for plaintiff in error.

Gotcher & Gotcher, Paul W. Gotcher, and Willard M. Gotcher, all of McAlester, for defendants in error.

GIBSON, J. This is an action for a personal judgment on a negotiable promissory note brought by the holder as endorsee against the makers. The trial court, concluding as a matter of law that there was a failure of consideration and that the plaintiff was not a holder in due course, directed a verdict for defendants and awarded judgment thereon. Plaintiff appealed.

The only defense involved is an alleged failure of consideration. Such defense was available against plaintiff only if it were not a holder in due course.

The note, dated January 22, 1942, and being for the principal sum of $198.55, was executed by the defendants as makers to Aviation Industries, Inc., as payee. By the terms thereof the principal amount is made payable monthly in eleven equal installments beginning 60 days after date.

The obligation of the note represents a tuition fee of the maker, Howard Mc-Cormick, then applicant for enrollment as student in the aviation school conducted by the payee. And though there is no reference thereto in the note the rights and obligations of the parties thereunder are to be construed in connection with the provisions of a written Enrollment Application and Matriculation Agreement executed contemporaneously therewith.

By the terms of said application and agreement said maker, as applicant, was required upon examination to meet prescribed requirements as to fitness before the contractual relation of tutor and student should be binding upon the Aviation Industries, Inc. It is provided therein, in substance, that where the applicant is accepted as pupil the tuition moneys theretofore paid are not subject to refund, and that where any student fails to meet any required test there is reserved to Aviation Industries, Inc., the right to refund the tuition paid and cancel the enrollment.

It appears from the evidence the defendant maker did not enter upon his duties as student until about a week after the date of said note, and it was thereafter, under date of February 9, 1942, that the examining optometrist declared that his vision was low and that his eyes would require attention to bring them to a vision clear enough to do much very fine work. It was following this that the student course terminated. Whether such termination resulted from a refusal of the Aviation Industries, Inc., to accept the applicant because of an unfitness disclosed by said test or from other reasons is not disclosed by the evidence.

The plaintiff as endorsee acquired title to the note by purchase on January 29, 1942. The note was one of a number of notes then acquired by purchase and the price paid was at the rate of 65 cents on the dollar and amounted to $129.06 paid for said note. George F. Fooshee, secretary, treasurer and manager of the plaintiff, testified that there was no relationship between Credit Adjustment Company, the plaintiff, and Aviation Industries, Inc., other than that of seller and purchaser arising from the transaction; that plaintiff knew that the note was given for tuition at the Aviation Industries, Inc., but knew nothing of the circumstances under which it was executed and delivered or any circumstances relating to the note. There is no other evidence pertinent thereto. The defendants sought to elicit testimony from their witness on rebuttal touching a relationship between the plaintiff and Aviation Industries, Inc. Objection thereto was sustained by the court. Such proffered testimony, to the extent same would charge the plaintiff with knowledge of the defect, if any, in payee's title, would have been clearly material.

The conclusion of the trial court that the plaintiff was not a holder in due course can be supported on no other theory than the disparity between the face value of the note and the price paid therefor.

That the price paid is sufficient to make the plaintiff a purchaser for value as contemplated of a holder in due

course is declared by statute (48 O. S. 1941 § 73), and we have so construed it. Duncan v. First Nat. Bank of Healdton, 122 Okla. 58, 251 P. 69. Hence, the court's conclusion, to be sustained, must depend upon such disparity in price giving rise to a presumption that the purchase was not in good faith or constitute constructive notice of defect in plaintiff's title. In Cohen v. Superior Oil Corporation, 180 Okla. 509, 71 P. 2d 626 (syl. 2), we said:

"The purchaser of negotiable paper in due course, and before maturity, is under no duty to make inquiry as to the title to such paper, fair and regular on its face, nor is he under any duty to inquire into the consideration given for the note, or of the transaction out of which it arose. He is only chargeable with facts which actually come to his knowledge; that is, actual knowledge of a defect in the title, want of consideration, or such facts as would constitute a defense to the note as between the maker and original payee, or actual knowledge of such facts and circumstances as would lead an honest and fair business man to make further inquiry, and which inquiry, if made, would lead to the discovery of the fraud, defect, and defense."

Adopting that principle therein expressed to the question in the instant case, we hold that the mere fact that a note is purchased for an amount less than its face, or that an unusually large discount is accepted, is not of itself sufficient to charge the purchaser with notice of existing equities, unless the consideration is merely nominal. However, where suspicious circumstances otherwise obtain, the fact of the inadequacy is always a fact to be considered as evidence of bad faith.

The judgment is reversed and the cause remanded for a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.