**HENDERSON v. PIERSON et al.**

No. 4544.

United States Court of Appeals Tenth Circuit.

Feb. 2, 1953.

Coleman Hayes, Oklahoma City, Okl., for appellant.

R. Milton Elliott, Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Henderson brought this action against Pierson and Cease to recover damages for the breach of an alleged contract of sale of dry cleaning equipment.

In February, 1950, and for a long period prior thereto, Pierson and Cease were engaged as partners in the dry cleaning business in Oklahoma City, Oklahoma. On February 21, 1950, they were engaged in the construction of a building to house a new dry cleaning plant, which was rapidly near-

ing completion, and were desirous of purchasing dry cleaning equipment for the plant. They had opened negotiations with Henderson and three other suppliers of such equipment, looking toward the purchase thereof.

On Tuesday, February 21, 1950, Henderson and his salesman, W. R. Beshear, Jr., met with Pierson and Cease at Oklahoma City for the purpose of obtaining an order for such equipment. Pierson and Cease told Henderson they had been negotiating with the Hoffman Company [1] for the purchase of such equipment; that they had promised Hoffman not to give an order for the equipment until they had received its price; and that they would not sign an order until they had Hoffman's price.

Henderson prepared a written order. Pierson and Cease both testified that Henderson urged them to sign the order, stating it would save Henderson another trip to Oklahoma City and would expedite the procuring of heavy equipment from the manufacturers in case Pierson and Cease should "decide to go ahead with it." Pierson testified that Henderson, referring to the order, stated, "This is not a contract"; "This is not an order"; "Other forms you sign are contracts"; "It is not a permanent or definite contract"; "This is not a contract like Hoffman or anyone else."

The proposed order recited:

"Please ship, subject to the terms hereon and the conditions printed on the back hereof, to the undersigned:

\* \* \* \* \* \*

"F. O. B. Factory, the goods below mention, for which we agree to pay the sum of $21,620.00 Dollars, on the following terms: $5,405.00 Dollars with this order ........... Dollars on receipt of bill of lading attached to invoice and the balance, $16,215.00 Dollars as follows: Total figure subject 3% cash discount, 10 days."

Pierson further testified that the down payment was discussed and it was stated that Pierson and Cease would forward the check for the down payment if they decided to go ahead with the deal, and that he told Henderson they would not make up their minds until they had received the other proposals.

Pierson signed the order and he and Cease took Henderson and Beshear to the train.

Thereafter, Hoffman submitted a lower price for the equipment and Pierson and Cease entered into a purchase agreement with Hoffman.

On February 27, 1950, Pierson sent a telegram to Henderson in which he advised the latter that the order was revoked. On the same day he confirmed the telegram by letter.

The trial court found that the parties had agreed that the written purchase order for equipment was not to be final and effective until Pierson and Cease had received bids from the other suppliers, and then only if Pierson and Cease sent a check for $5,405.00 to cover the down payment to Henderson.

■ We are of the opinion that the finding of the court is supported by substantial evidence and is not clearly erroneous and is, therefore, binding on this court.[2]

■ Parol evidence is admissible to show a condition precedent relating to the taking effect of a written instrument. A collateral parol agreement that a contract shall become effective only on certain conditions or contingencies is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no binding or effective contract ever existed. In Yeager v. Jackson, 162 Okl. 207, 19 P.2d 970, the court quoted from the syllabus in Gamble v. Riley, 39 Okl. 363, 135 P. 390, as follows:

" 'It is elementary that parole evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any

1. Hereinafter called Hoffman.

2. Brown v. American National Bank, 10 Cir., 197 F.2d 911, 914.

742

separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; this is not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced.' "[3]

Here, the order was not to become effective until Pierson and Cease had received Hoffman's bid, and then only if Pierson and Cease forwarded the check to cover the down payment. Accordingly, we conclude that the order never became effective as a contract.

Affirmed.

3. See, also, Yeager v. Jackson, 162 Okl. 207, 19 P.2d 970, 972, and cases there cited; Commercial National Bank of Muskogee v. Ahrens, 117 Okl. 65, 245 P.

557, 558; Colonial Jewelry Co. v. Brown, 38 Okl. 44, 131 P. 1077, 1078.

