**CIMARRON INSURANCE COMPANY, Inc., Appellant,**

v.

**George POMEROY, Appellee.**

No. 5230.

United States Court of Appeals Tenth Circuit.

May 12, 1956.

See, also, 129 F.Supp. 35.

John F. Butler, Oklahoma City, Okl. (of Butler, Rinehart & Morrison, Oklahoma City, Okl.), for appellant.

Delmer L. Stagner, Oklahoma City, Okl. (Erwin Alpern, Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, MURRAH, Circuit Judge, and HILL, District Judge.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Oklahoma, holding appellant-insurer liable to appellee-insured on a policy of insurance covering loss by fire to the contents of a theatre operated by the appellee in Oklahoma City, Oklahoma. Federal jurisdiction is sustained on diversity of citizenship and requisite amount in controversy.

The policy was issued May 10, 1954, for a period of one year. On the following May 23rd, the contents of the theatre were destroyed by fire. On its face the policy was in force and covered the asserted loss, but appellant-insurer denied liability, contending that under a collateral oral agreement between the agent of the appellee and the general agent of the appellant, the policy was not to become operative or effective until the date of installation of certain new equipment in the theatre, and that such condition precedent had not occurred prior to the date of the loss. Upon trial to the court, judgment was rendered in favor of the appellee-insured, the trial court finding the evidence insufficient to show a condition precedent to the effectiveness of the policy; and that the policy therefore became effective on the date of its issuance, May 10, 1954, and covered the loss.

Parol evidence which does not impugn the integrity of the writings to which it relates is admissible to show a condition precedent to the taking effect of the engagements therein. Yeager v. Jackson, 162 Okl. 207, 19 P.2d 970, followed in Henderson v. Pierson, 10 Cir., 201 F.2d 740. See also Dayvault v. Baruch Oil Corp., 10 Cir., 231 F.2d 413. The question on appeal then is whether the evidence sufficiently shows a prior collateral agreement that the policy was to become effective only as of the date of installation of certain new equipment, or whether, as the trial court found, the policy was unconditionally delivered, consequently in force on the date of the loss.

The only collateral evidence touching the effective date of the policy is the testimony of the insurance broker, Brand, who acted as the agent of the appellee in securing the policy and certain of his office records which were introduced during the trial. Brand testified that some time between the 1st and 5th of May, 1954, the appellee-theatre owner told him of certain new equipment he intended to install and requested him to

secure a $4,000 insurance policy to cover such property; that the next day he called the general agent of the appellant, explaining that the appellee was installing new equipment, which he described as best he could recall, and asked the appellant's agent to issue a $4,000 policy to cover the new equipment; that he explained to the appellant's agent that the new equipment had not been installed but was on order; that the appellant's agent stated he would endeavor to secure the policy, and a few days later he received the policy and called the appellee either on the 12th or 13th of May, telling him the policy had arrived and asked if the new equipment had been installed. Brand further testified that when appellee told him that the equipment had not arrived, he replied, "Well, nothing I can do, just have to hold the policy because it is not in force." Brand did not hear from the appellee about the policy again until after the loss. The appellee admitted being informed by Brand that the policy had arrived, and testified that he told Brand to deliver the policy to him in about two weeks because he knew Brand would want to collect the balance of the premium.

The policy issued by the appellant provided coverage "on contents including new draperies, new seats, and other furnishings incidental to the contents of a theatre * * *." Appellant-insurer takes the position that the specific description of property covered by the policy, coupled with the testimony of Brand, is conclusive proof of the intention of the parties, acting through their respective agents, that the policy was to cover new equipment to be installed in appellee's theatre and was to become effective, if at all, only as of the date of its installation.

The undisputable facts are that the policy was dated and issued on May 10, 1954, prior to the loss; that it was mailed to Brand, the agent of the appellee, who received it on the 12th or 13th of May, and thereupon advised the ap-

pellee of its receipt. Brand denied having charged the premium to the appellee or that the policy became effective on the date of its issue. But his records contain an entry made on May 14, 1954, showing the receipt of the policy, the policy number, the company, the date of expiration as May 10, 1955, covering "contents"; the kind of insurance, the amount and premium due, with a "thank you" and a remark that "insured will pay premium". There was another entry on Brand's record bearing date of May 26, 1954, three days after the loss, purporting to cancel the policy as of May 14, 1954. Brand testified that it was necessary to cancel the policy "to clear our records because the insurance company would hold us liable for that premium on it." In short, Brand received the policy showing effective date of May 10, set it up in his books to the May account of the appellee, and after the loss sought to cancel the policy as of a date subsequent to its issuance, but prior to the loss. These facts do not lend themselves to the asserted collateral agreement. Indeed, they are entirely inconsistent with the notion that the policy never became effective.

The policy did specifically cover "new draperies, new seats and other furnishings", but that is not all. It covered "contents, including new draperies and new seats incidental to the contents of a theatre. * * *." The specific reference to the new equipment may well have been intended to make sure that the policy would cover the new equipment, when and if installed. This view is indeed not inconsistent with Brand's statement to the effect that he thought the new equipment would be in the theatre at the time of the issuance of the policy on May 10. Certainly there is nothing in the record to compel the conclusion that the parties intended that the policy should not become effective until the installation of the new equipment. This being so, we cannot say that the trial court's findings and conclusions are clearly erroneous. The judgment is Affirmed.