T. W. HOWARD, Jr., Plaintiff in Error,

v.

Robie A. BIGGS, Defendant in Error.

No. 39795.

Supreme Court of Oklahoma.

Nov. 20, 1962.

Rehearing Denied Jan. 29, 1963.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for plaintiff in error.

Bassett & Laughlin, Bartlesville, for defendant in error.

BERRY, Justice.

In September, 1956, defendant in error, hereafter referred to as "defendant", owned and operated a drive-in restaurant in Bartlesville, Oklahoma. During said month, W. B. Cunningham, hereafter referred to as "vendor", and defendant entered into a contract in writing by the terms of which vendor agreed to sell and install and de-

fendant agreed to buy for an agreed consideration of $3,405.00 a communication system for use by patrons of the restaurant in ordering food. The name applied to the system was "Ordermatic".

Following installation of the system, defendant, on November 26, 1956, executed and delivered to vendor a chattel mortgage which granted to vendor a lien on the system. In drafting the mortgage a printed form was used. As evidenced by the form it was intended to apply to automobiles only. However, veribage which vendor caused to be written upon the form showed that the mortgage was applicable to the system. A copy of the mortgage was filed of record December 17, 1956.

The bottom of the mentioned form consisted of a printed form of promissory note. Vendor caused blanks on this form to be filled in so as to show that on November 26, 1956, defendant promised to pay vendor $2400.00 (balance owing on the purchase price of the system) in monthly installments of $100.00 each month beginning January 15, 1957. In the blank space relating to the rate of interest the word "no" was inserted. While defendant executed both the chattel mortgage and note, he testified that he intended only to execute the mortgage and did not realize that he also executed the note. With the exception of the date and name of the payee which were typewritten, the blank spaces were filled in by using a pen.

In December, 1956, vendor sold and assigned with recourse the mortgage and note to plaintiff in error, hereafter referred to as "plaintiff". As of date of sale, the note had been detached from the mortgage. However, a copy of the mortgage was delivered to plaintiff. The copy showed this: "90 day service warranty 12 months parts warranty from date of this contract (mortgage)".

In the fall of 1957, no payments having been made on the note, plaintiff for the first time demanded payment of past-due installments. Defendant refused to pay. His refusal was based upon the proposition that vendor had agreed to service the system; that vendor breached the agreement and that the system would not operate properly. Plaintiff in turn contended that prior to maturity the note was transferred to him for a valuable consideration; that as of date of transfer he was without knowledge of alleged failure of consideration or of any facts which gave him notice of any alleged infirmities in the note.

Following repeated refusals on defendant's part to pay in accordance with the tenor of the note, plaintiff instituted this action.

As indicated, the basic issue presented by the pleadings and evidence was whether plaintiff was a holder in due course of the note. By verdict of the jury to whom the case was tried and judgment of the trial court thereon, this issue was resolved against plaintiff. We add, at the conclusion of the trial plaintiff moved for a directed verdict, which motion was denied.

From order denying plaintiff's motion for new trial which was directed to the judgment, plaintiff appealed.

■ As pointed out, prior to due date of the first installment, plaintiff for a valuable consideration purchased the note. The only notice that he had of the terms and conditions of the sale that resulted in execution of the note or of any infirmities in the note, were statements set forth in the mortgage relative to vendor's agreement to service the system for 90 days and his warranty of the parts used therein for 12 months. If vendor had in fact breached said conditions prior to the transfer, there is no evidence showing that plaintiff then had notice of the breach. As a general rule, knowledge that a note was given in consideration of an executory agreement of the payee, which has not been performed, will not deprive a holder of the note of the character of a bona fide holder, unless he had knowledge as of time of transfer of same that the agreement had been breached. See Prentice v. First Nat. Bank of Roff et al., 101 Okl. 232, 224 P. 963, and cited

cases; also annotated notes beginning at p. 987, 3 A.L.R.

Defendant testified that while vendor advised him that he would call to service the system about every two weeks, following execution of the mortgage and note, vendor failed to service the system; that during and following rains the system would not function properly; that the system gradually deteriorated; that he dismantled the system in 1960 and stored it in the attic of his home. There is no evidence that defendant ever offered to return the system to vendor. While defendant testified that he was unable to locate vendor following execution of the mortgage and note, it appears that defendant caused vendor's deposition to be taken. The deposition was not introduced in evidence. Defendant's testimony as to malfunction of the system was corroborated

Defendant contends that the evidence shows that in purchasing the note, plaintiff acted in bad faith and for said reason the jury properly found that plaintiff was not a holder in due course. In support of this contention defendant alludes to that portion of 48 O.S.1961 § 122 to the effect that "a holder in due course is a holder who [had] taken the instrument under the following conditions: * * * 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it;" to Sec. 126, same title, to the effect that "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amount to bad faith," and quotes the third paragraph of the syllabus to Commercial Nat. Bank of Muskogee v. Ahrens, 117 Okl. 65, 245 P. 557, to the effect that "While suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat the title of a holder, and that result can be produced only by bad faith of the holder, yet the jury—or the court, in the absence of the jury—may find bad faith therefrom."

Facts and circumstances showing bad faith on plaintiff's part are asserted to be these: Plaintiff only paid 75 per cent of the face value of the note. "The note was partly handwritten, but the name of payee (vendor) and the date were typewritten." The note was attached to a chattel mortgage designed to grant a mortgage on an automobile. The mortgage showed that vendor had agreed to service the equipment. Vendor endorsed the note "with recourse". Plaintiff did not demand payment until some ten months after he acquired it. Plaintiff did not sue to foreclose the mortgage.

The fact that plaintiff paid but 75 per cent of the face value of the note did not prevent him from becoming a holder in due course (Credit Adjustment Co. v. McCormick et al., 198 Okl. 348, 178 P.2d 610), nor under the evidence did the fact that the date thereof and name of the payee may have been filled in after same was executed or that vendor endorsed the note with recourse operate to destroy the negotiability of note (7 Am.Jur. "Bills and Notes", Secs. 21, 71 and 76, pp. 800, 827 and 831); nor did plaintiff's knowledge of the warranty provisions set forth in the mortgage affect his alleged status as a holder in due course (Prentice v. First Nat. Bank of Roff et al., supra). Defendant has cited no authority sustaining his suggestion that any of the other matter that he has pointed out affected the negotiability of the note or showed that plaintiff was guilty of bad faith in purchasing it.

We are convinced that the evidence wholly fails to show that plaintiff was guilty of bad faith in purchasing the note; that under the evidence he must be considered a holder in due course of the note and for said reason the defenses that defendant seeks to urge are not available against the plaintiff. In the second para-

graph of the syllabus to Phelps v. Malone, 193 Okl. 239, 142 P.2d 849, this is said:

"The holder in due course of a negotiable promissory note is not subject to the ordinary defenses good between the parties where there is nothing in the instrument itself charging the holder with notice of defects or defenses."

The only defense resting on defendant being the one herein discussed, plaintiff's motion for a directed verdict should have been sustained.

Reversed with directions to enter judgment for plaintiff.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.